65　211
97　441

# Block Brothers *v.* Maas & Block.

*Statutory Trial of Right of Property in Goods Attached.*

1. *When title to goods passes by contract of sale.*—A bill of sale purporting to convey, by present words, "the whole of my stock of general merchandise in my store, of every character and description, reserving and excepting the amount of $1,000 worth of said merchandise, personal property, which is hereby selected by me, as a resident of said State, as exempt to me under the laws of Alabama, and which personal property, to the amount of $1,000, is not hereby conveyed," is a mere executory agreement, and passes to the purchaser no title to any part of the goods, until the vendor has selected the portion reserved as exempt.

2. *Statutory claim suit; what title will sustain.*—To enable a party to recover in a statutory trial of the right of property, he must show a title on which he could support trover, trespass, or detinue.

3. *Error without injury in rulings against plaintiff.*—When the plaintiff's evidence, as set out in his bill of exceptions, clearly shows that he had no right of action, any rulings adverse to him, even if erroneous, could have wrought no injury to him, and are, therefore, no ground of reversal.

APPEAL from the Circuit Court of Hale.
Tried before the Hon. GEO. H. CRAIG.

This was a statutory trial of the right of property in a stock of goods and merchandise, on which an attachment was levied on the 5th December, 1878, at the suit of Maas & Block, against A. Steiner, and to which a claim was interposed by Block Brothers & Co., the appellants; affidavit of ownership being made, and bond given for a trial of the

right of property, under the provisions of the statute. The claimants asserted title to the goods under a bill of sale executed to them by said Steiner, which was dated the 3d December, 1878. The material parts of this bill of sale are quoted in the opinion of the court, and need not be here stated. On the trial, the claimants reserved several exceptions to the rulings of the court on questions of evidence, and in charges given and refused; and these rulings are here assigned as error.

W. M. BROOKS, and THOS. SEAY, for appellants, argued the questions involved in the several assignments of error.

JAS. E. WEBB, *contra,* contended that the bill of sale conveyed to the claimants no title to the goods sued for; citing to this point the following cases : *Screws v. Roach,* 22 Ala. 675 ; *Batre v. Simpson,* 4 Ala. 305; *Hudson & Stokes v. Weir & Tate,* 29 Ala. 294 ; *Magee v. Billingsley,* 3 Ala. 691 ; *Browning v. Hamilton,* 42 Ala. 484; *Robinson v. Hirschfelder,* 59 Ala. 506.

BRICKELL, C. J.—It is insisted for the appellees, that if the rulings of the Circuit Court, or any of them to which exceptions are reserved, shall be found erroneous, the error is without injury to the appellants, because, upon the evidence introduced by them, which was undisputed, they have no right of recovery—no title to the goods levied upon, which can in any event prevail over the attachment of the appellees. The bill of sale given by Steiner, the defendant in attachment, purports to " grant, bargain, sell, transfer, assign, and set over to said Block Brothers & Co., the following described personal property, " &c., " to-wit: the whole of my stock of general merchandise situated in my store, in Newberne, Alabama, of every character and description, " &c., " reserving and excepting the amount of one thousand dollars worth of said merchandise, personal property, which is hereby selected by me, as a resident of said State, as exempt to me under the laws of Alabama, and which personal property, to the amount of one thousand dollars, is not hereby conveyed, transferred, or assigned. " The proposition of the appellees is, that the defendant in attachment not having made selection of the merchandise reserved, when the attachment was levied, no title had vested in the appellants, and, consequently, rulings of the Cricuit Court which could have injured only in the event title had passed to them, though erroneous, furnish no ground of complaint, and no cause of reversal.

[Block Brothers v. Maas & Block.]

We are of the opinion the proposition must be sustained. The distinction between a bargain and sale, by which title passes immediately to the vendee, and an executory agreement, the goods remaining the property of the vendor until it is executed, can not be more certainly and clearly traced in any class of cases, than where there is a power of selection reserved by the vendor, or by the vendee, to distinguish and identify the goods sold from other goods in the possession of the vendor. The law is said to be stated *very perspicuously*, by BAYLEY, J., in *Gillett v. Hill* (cited in Benjamin on Sales, p. 258), in the following words: "The cases may be divided into two classes; one, in which there has been a sale of goods, and something remains to be done by the vendor; and until that is done, the property does not pass to the vendee, so as to entitle him to maintain trover. The other class of cases is where there is a bargain for a certain quantity, from a greater quantity, and there is a power of selection in the vendor to deliver which he thinks fit; then, the right to them does not pass to the vendee, until the vendor has made his selection, and trover is not maintainable till that is done. If I agree to deliver a quantity of oil, as ten out of eighteen tons, no one can say which part of the whole quantity I have agreed to deliver, until a selection is made. *There is no individuality until it it has been divided.*" The rule is too well settled, to be open for discussion, that goods sold must be capable of being separated, distinguished, and indentified from the stock, or mass, or quantity, with which they may be mingled, before title passes from the vendor to the vendee. Until there is such separation, they remain the property of the vendor, who must bear the loss, if they perish.

When the attachment was levied, there was no individualizing the goods the vendor would select and retain, from the goods which would pass to the vendee: there was not one article which the vendee could claim was his property, free from the right of the vendor to retain and hold it. A claimant, in a trial of the right of property, must show that he has such title to the property claimed, as would enable him to support trover, trespass, or detinue, if he had resorted to either of these remedies, for which a trial of the right of property is a statutory substitute. When the evidence which he offers clearly negatives the existence of such title, rulings adverse to him, injurious only upon the theory that title to the property levied on resides in him, will not authorize the reversal of a judgment against him. 1 Brick. Dig. 780, § 97. It is, consequently, unnecessary to examine and pass upon the rulings of the Circuit Court

[Hill v. Jones.]

assigned as error.. Upon the evidence offered by the appellants, they had no title to the goods levied upon, and these rulings, if erroneous, could not have worked any practical injury.

The judgment is affirmed.