# Alley *v.* Daniel.

*Trespass de Bonis Asportatis.*

1. *Exemption of personal property when debtor owns less than $1000 worth; no selection required.*—While the law casts upon a debtor owning personal property exceeding one thousand dollars in value, the duty of selecting that which he will retain as exempt from levy and sale under legal process for the payment of debts, if he has not personal property exceeding in value one thousand dollars, a selection is unnecessary, the law, without the doing of any act on his part, intervening and attaching the right of exemption as absolutely and unconditionally as if the particular property was specially designated and declared exempt.

2. *Same; sale of can not be impeached as fraudulent.*—A sale or other disposition of property which is by law exempt from the payment of debts, can not be impeached by creditors as fraudulent; and hence, where a debtor, whose personal property is of less value than one thousand dollars, makes a sale of all of it, the sale can not be impeached for

[Alley v. Daniel.]

fraud, although it was made for the purpose of hindering, delaying and defrauding his creditors.

3. *Right to an exemption of personal property; when not waived.*—While an exemption of property from levy and sale for the payment of debts is a personal privilege, which the debtor may waive, or may lose by the failure to claim it before a sale under legal process, of which he is informed, the right is not waived or lost by a mere failure to make or file a claim or declaration of claim before there is a levy of the process.

4. *Trespass against officer levying process; knowledge of plaintiff's claim as showing malice.*—Ordinarily, the fact that a sheriff or other ministerial officer, acting under legal process, seizes property with a knowledge that it is not subject to seizure, either because it is the property of a stranger, or because it is exempt by law, is a circumstance indicative of malice, or of that degree of recklessness which is the equivalent of malice; and, in an action of trespass against him, evidence of the fact is admissible, that the jury may determine whether they will award vindictive, in addition to actual damages.

5. *Same; when knowledge of plaintiff's claim immaterial.*—But where the officer seizing the property is indemnified, it being his duty to proceed, although he may know that the property is not subject to the process, evidence of such knowledge on his part is irrelevant and inadmissible. In such case, if the officer acts in good faith, and there are no circumstances of aggravation, no facts indicative of a bad motive, nothing more than information that the property is not subject to the process, compensatory damages alone can be recovered.

*Same; evidence of knowledge.*—But in cases where the officer's information or knowledge is material, the practice of introducing ex-parte affidavits made by the plaintiff and others, and exhibited to the officer prior to the sale, for the purpose of proving such information or knowledge, is questioned.

7. *Same; when charge in reference to vindictive damages objectionable.*—In trespass *de bonis asportatis,* a charge in reference to vindictive damages, which gives to the jury a discretionary power to award them, without stint or limit, and which leaves the jury without any rule whatever by which to award them, is objectionable.

APPEAL from Greene Circuit Court.

Tried before Hon. S. H. SPROTT.

This was an action of trespass, brought by Louis G. Daniel against John Alley, to recover damages for the alleged wrongful taking by the defendant of certain goods and chattels, the property of the plaintiff. As recited in the bill of exceptions, the cause was tried " upon the plea of the general issue, with leave to give in evidence any special matter of defense;" the trial resulting in a verdict and judgment for the plaintiff.

The defendant, at the time of the alleged trespass, was sheriff of Greene county; and the seizure complained of was made by him under and by virtue of a writ of attachment which had been duly sued out and issued against one Bell, under whom the plaintiff claimed title by purchase. The purchase was attacked on the ground of fraud, and much testimony was introduced by both parties on the issue of fraud *vel non,* not necessary to be here set out. The material facts disclosed by the evidence, and the rulings of the court to which exceptions were reserved, are sufficiently stated in the opinion, except that

it may be well to set out the charge given at the request of the plaintiff, and referred to in the opinion. That charge is in these words: "That to authorize the jury to give exemplary damages, it is not necessary that the levy should have been made in a rude or angry manner; but if it was clearly made to appear to the sheriff, immediately after the levy, and before the removal of the goods from the house, that the property was in truth and in fact the property of Daniel, and that the sheriff, in defiance of such information, carelessly or recklessly seized the goods, and sold them, to the injury of Daniel or his business, then these facts would authorize exemplary damages, if the jury see proper to give them."

The rulings to which exceptions were reserved, indicated in the opinion, are here assigned as error.

Wm. P. Webb, J. P. McQueen and Greene B. Mobley, for appellant.

Head & Butler, contra.

BRICKELL, C. J.—The admission of evidence that, at the time of the sale under which the plaintiff claimed title to the goods in controversy, the vendor, Bell, a resident of the State, had not, including the goods, personal property of the value of one thousand dollars; the instruction given the jury by the court, that in the event such was the fact, the sale was not impeachable for fraud by the creditors of the vendor; and the instruction requested by the defendant, and refused by the court, asserting that the property was subject to levy and sale, unless before the levy of the attachment the vendor had made and filed a claim of exemption, may be taken and considered in connection.

There can be no doubt, that if a debtor owns personal property exceeding in value one thousand dollars, the law casts upon him the duty of selecting that which he will retain, exempt from levy and sale under legal process for the payment of debts. This is apparent from the words of the Constitution, and of the statutes enacted for the execution of the constitutional provisions. It is not intended that a debtor shall hold a mass of personal property, exceeding in value one thousand dollars, protected from levy and sale for the payment of debts. Upon the plainest considerations of right and justice, in that event, he should, by some notorious act, elect which he will retain, and which he will yield to the demands of his creditors. The right and privilege of choosing, of selecting, of designating the particular property which he will retain, is conferred; and it must be exercised before there is a sale under legal

[Alley v. Daniel.]

process, if of the levy and sale he is cognizant.—*Ross v. Hannah*, 18 Ala. 125. But if he has not personal property, exceeding in value one thousand dollars, a selection is unnecessary; there is neither room nor reason for it. The law intervenes and attaches the right of exemption, without the doing of any act on his part; attaches the exemption as absolutely and unconditionally as if the particular property was specially designated and declared exempt. For the policy and spirit of the Constitution is, that personal property shall be absolutely exempt, unless the debtor owns of that species property exceeding in value one thousand dollars.—Thompson on Homestead & Exemptions, § 833.

A sale or other disposition of property which is by law exempt from the payment of debts, can not be impeached by creditors as fraudulent; as intended to hinder or delay them. They can have no concern with it, for the property was not, in the hands of the debtor, subject to their demands, and, as to them, his power of disposition is unlimited.—*Fellows v. Lewis*, 65 Ala. 343; *Lehman v. Bryan*, 67 Ala. 558; *Wright v. Smith*, 66 Ala. 514. The main point of contention in the court below seems to have been, whether Bell did not make the sale for the purpose of hindering, delaying and defrauding his creditors. That inquiry was immaterial, and the contention unavailing, if, at the time of the sale, all his personal property was of less value than one thousand dollars. There was, of consequence, no error in the admission of the evidence, or in the instruction upon this point given to the jury.

Nor was there error in the refusal of the instruction requested by the defendant. The right to an exemption of personal property is not dependent upon the making claim or filing a declaration of claim before a levy, or other effort to subject it to the payment of debts. The exemption is a personal privilege, which the debtor may waive, or which he may lose by the failure to assert it before a sale under legal process, of which he is informed. But the right is not waived or lost by a mere failure to make or file a claim, or declaration of claim, before there is a levy.—*Jordan v. Autrey*, 10 Ala. 276; *Gresham v. Walker, Ib.* 370; *Ross v. Hannah*, 18 Ala. 125. The statute authorizes the making claim and filing declaration of it for record in the office of the judge of probate. The only effect of the filing and registration is, if the validity of the claim is contested, to furnish *prima facie* evidence of its correctness, compelling a creditor impeaching it to become the actor in the contest, and shifting to him the *onus* of proof.—Code of 1876, §§ 2828–31. The statutes go further, and in express terms declare the failure to file the declaration is not a waiver of the

[Alley v. Daniel.]

exemption, but that the debtor may claim whenever there is a levy of process.—Code of 1876, § 2834.

Generally, in an action of trespass *de bonis asportatis*, or in an action of trespass for an injury to chattels, the measure of damages is the value of the goods taken and carried away, or the diminution in value resulting from the injury, with interest computed to the day of trial. Special damages, if not too remote, may also be recovered.—Woods' Mayne on Damages, 515; Sedgwick on Damages (6th Ed.), 663. Exemplary or vindictive damages, as they are indifferently termed, may also be recovered, if the trespass is committed with a bad motive, with an intent to harass, or oppress, or injure; and the fact that it is wantonly, recklessly, or knowingly committed, is a circumstance indicative of malice, and proper matter for the consideration of the jury.—*Devaughn v. Heath*, 37 Ala. 595; *Lienkauf v. Morris*, 66 Ala. 406. The trespass now complained of consists wholly of the seizure of goods under attachment by the defendant as sheriff, who was indemnified by the party controlling the process to make the seizure or levy and a consequent sale. The fact that the defendant was indemnified, and was acting in obedience to the instructions of the indemnitor, was uncontroverted. *Ex-parte* affidavits, made by the plaintiff, and by witnesses who were examined on the trial in the court below, which subsequently to the levy had been exhibited to the defendant, were introduced against his objection, for the purpose of showing notice to him of the plaintiff's claim to the goods, and of the claim that, while in the hands of the vendor, Bell, they were absolutely exempt from liability to his debts, the court instructing the jury, that the affidavits were not admissible as evidence of the facts stated in them, or for any other purpose than showing notice to the defendant. If the fact of notice had been material and relevant, this mode of proving it is of exceedingly questionable propriety. The affidavits were of no more force, entitled to no more credit, than the unsworn declarations of the witnesses; and yet they were permitted to pass to the jury for examination upon their retirement. If such a practice can be pursued, it is not of difficulty to foresee that, under the pretext of proving one fact, a party may get before the jury illegal, irrelevant evidence, which may affect the verdict, however positive may be the instruction of the court, that it must be disregarded. The practice of admitting illegal or irrelevant evidence, subject to its exclusion by the court, if there is not subsequently evidence introduced, rendering it legal or relevant, has been often condemned, and it is subject to condemnation because of the difficulty of eradicating from the minds of the jury the impressions made by it, however direct and positive may be the instructions of the court

[Alley v. Daniel.]

that it must be disregarded.—1 Brick. Dig. 809, § 89. Waiving a consideration of the admissibility of the affidavits for the purpose for which they were received, the fact of notice to the defendant of the plaintiff's claim or title to the goods, and that in the hands of Bell they were exempt from liability for his debts, was wholly immaterial and irrelevant, unless it had been connected with the evidence of other facts, which would have authorized a verdict for exemplary damages. If the title to the goods resided in the plaintiff, and he had possession at the time of the taking, he was entitled to a verdict for the value of the goods, with interest to the day of trial, whether the defendant had or had not notice or knowledge of his right. The fact of notice or knowledge could not strengthen the title or claim of title, nor add to the measure of recovery.

The fact that a sheriff or other ministerial officer, acting under legal process, seizes property with knowledge that it is not subject to seizure, either because it is the property of a stranger, or because it is exempt by law, is a circumstance indicative of malice, or of that degree of recklessness which is the equivalent of malice, and, in an action of trespass against him, evidence of the fact is admissible, that the jury may demine whether they will award vindictive, in addition to actual damages. But there are cases in which the fact is wholly immaterial, because it is the duty of the officer to proceed to the seizure, or having made it, to complete it by a sale, though he may know the property is not subject to the process. That is a fact which the parties interested in the execution of the process have the legal right to contest before the judicial tribunals, unaffected by facts lying in the knowledge of the officer. The statute authorizes the officer to demand from them indemnity, if there is doubt as to the liability of the property to seizure or levy, or if of the fact of liability there is dispute. When the indemnity is given, the officer is without discretion; he must proceed in the execution of the process; without, to say the least, incurring the hazards of litigation with the indemnitors, in which the burden of proving that the property was not subject to the process would be cast upon him, he can not refuse to levy, or having made the levy, to complete it, however cogent may be the evidence furnished him, that the property is not from any cause subject to levy and sale.—Crocker on Sheriffs, § 446; Code of 1876 §§ 3196, 3285. If after indemnity he should proceed to a levy, or to execution of the process, rudely, insultingly, or in an aggravated manner, indicative of malice, or of an intent to harass, or oppress, or injure, he would be answerable for vindictive damages. A bad, malicious intent, in the commission of a trespass, is always proper matter for the consideration of a jury; for a man acting tortiously

[Ex parte Murphy.]

with such an intent ought, in justice, to be dealt with more harshly, than a man who acts ignorantly, without such intent. But when a public officer is in the line of duty, acting in obedience to process, which he can not with safety refuse to execute, whatever may be his information or knowledge of facts, which, if proved in the course of a judicial investigation, will subject him to liability as a trespasser, it would savor of harshness and oppression, if his liability was increased by the addition of vindictive damages because of such knowledge or information. Acting in good faith, under instructions and indemnity from the party controlling the process, who is in pursuit of his supposed legal rights, if there are no circumstances of aggravation, no facts indicative of a bad motive, nothing more than information that the property is not subject to the process, the value of the property taken, with interest to the time of the trial, is the only reparation he can be required to make; this is full compensation to the owner, and all he can in good conscience demand.—*Lienkauf v. Morris*, 66 Ala. 406; *Pacific Insurance Co. v. Conard*, 1 Baldwin, 138; *Phelps v. Owens*, 11 Cal. 22. The introduction of these affidavits for any purpose was illegal; evidence of the fact they were intended to prove was irrelevant. The case before the court was one for the recovery of compensatory damages only, as was clearly and conclusively shown. The instruction given at the request of the plaintiff, in reference to vindictive damages, is in itself objectionable. It gives to the jury "a discretionary power, without stint or limit, highly dangerous to the rights of the defendant;" it leaves them without any rule whatever. But it is not necessary to consider the instruction specially.

For the error pointed out, the judgment must be reversed and the cause remanded.