# Brinson *v.* Edwards.

*Trespass against Sheriff and Attaching Creditors, by Pur-
chaser from Defendant in Attachment.*

1. *Pleas shown only by bill of exceptions* —The pleadings in a cause
are a part of the record proper, and the recitals of the record can not
be controlled by the bill of exceptions ; and when the record does not
show what pleas were filed, the presumption will be indulged, as a
rule, that the trial was had on the general issue only ; yet, when the
record does not show what pleas were filed, and the judgment-entry
only recites a trial on issue joined, while the bill of exceptions states
that a special plea was filed, and shows that all the questions re-
served arose on the issue joined on that plea, this court will consider
those questions as properly presented.
2. *Sale of goods by insolvent debtor to creditor; validity as against
other creditors.*—A *bona fide* creditor, having knowledge or notice of
his debtor's insolvency, may nevertheless purchase the debtor's entire
stock of goods, at its fair value, in satisfaction of his debt, and the
transaction will be sustained as against other creditors, unless some
benefit is reserved or secured to the debtor beyond what the law

[Brinson v. Edwards.]

allows; but, if he pays part of the consideration in cash or notes, after satisfaction of his own debt and other debts intended to be preferred, the validity of the transaction, as against other creditors, is to be determined by the rules governing sales by the debtor on a new consideration.

3. *Same; exemptions.*—If the cash payment, over and above the amount of the purchasing creditor's debt, or the note given for the deferred payment, together with the other personal property retained by the debtor, does not exceed the exemptions to which he is entitled, other creditors can not complain of the transaction, since they are not injured by it; but, to sustain it against the attack of creditors, it must be shown that the debtor was a resident of this State, and therefore entitled to claim exemptions.

4. *Charge assuming fact not proved.*—A charge which assumes the existence of a material fact is an invasion of the province of the jury, and constitutes reversible error, unless the record shows that the fact was admitted, or was clearly proved and not controverted.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

This action was brought by M. L. Edwards against R. E. Brinson and others, to recover damages for an alleged trespass, which was the levy by said Brinson, as sheriff, of an attachment against D. B. Avenger, in favor of Goetter, Weil & Co., on a stock of goods which the plaintiff claimed to have purchased from said Avenger prior to the levy; and the attaching creditors were joined as defendants. No pleas are set out in the record, and the judgment-entry only recites a trial on issue joined; but the bill of exceptions states that the defendants pleaded, "in short by consent, the general issue and justification under the writ of attachment against D. B. Avenger;" and all the points reserved related to the validity of plaintiff's purchase from said Avenger. The attachment was levied on the goods on the 10th December, 1885, while yet in the storehouse in which Avenger had carried on his business. The bill of sale under which plaintiff claimed the goods was dated December 9th, 1885, and recited as the consideration of the sale the payment of $1,231.54, which was the aggregate cost price of the goods; and further, that this sum was paid as follows: (1) $722.54 money formerly loaned by Avenger to plaintiff, payment and satisfaction of which was acknowledged; (2) $108, money borrowed by said Avenger from his wife, which debt plaintiff assumed to pay, and for which he executed his note, payable to Mrs. Avenger on the 1st February, 1886; (3) balance of $400, for which plaintiff executed his two notes, payable to said Avenger on the 1st June and October, 1886, respectively. The bill of sale specified the numerous articles constituting the stock of goods, and added; "This conveyance embraces. as well as the other property herein enumerated. the entire stock of dry-goods, groceries,

tin-ware, hardware, notions, store furniture, safe, boots, shoes, hats, clothing, and all property of every description in said store-house not herein specially enumerated." As to the value of the goods conveyed, the witnesses differed in their estimates, "some of them putting it as low as $800, and others at over $1,000." The plaintiff introduced evidence tending to prove the existence and *bona fides* of the debts for borrowed money, which formed the principal part of the consideration for the sale of the goods; while the defendants introduced evidence showing that Avenger was insolvent at the time of the sale, owning nothing outside of the goods except book-accounts amounting to $400 or $500, and that his insolvency was known to the plaintiff, who had been a clerk in his store for several years. The bill of exceptions purports to set out "in substance all of the evidence," but does not contain any statement as to the proof of Avenger's residence in Alabama, except as may be inferred from the fact that he carried on his business as a merchant at Fort Deposit in said county, and that the bill of sale described him as "D. B. Avenger of the county of Lowndes and State of Alabama."

The court charged the jury, *ex mero motu*, as follows: "If the jury believe from the evidence that Avenger owed Edwards and his wife *bona fide* debts amounting to $830.54, and that the amount of the notes taken by him from Edwards, and the value of the other personal property owned by him, would not exceed the sum of $1,000, then the jury must find a verdict for the plaintiff." The court charged the jury also, on request of the plaintiff, as follows: "The fact that Avenger was insolvent at the time of the sale would make no difference, if the debt as stated in the bill of sale was honestly due to Edwards, if the goods were taken in absolute payment of the debt, and if the value of the goods taken for it was not greatly in excess of the amount of the debt."

The defendants excepted to each of these charges as given, and also to the refusal of each of the following charges, which were asked by them in writing:

(1.) "If the jury believe all the evidence in the case, they must find for the defendants." (2.) "If the jury believe from the evidence that plaintiff purchased from Avenger the stock of goods in question, for $1,231, receiving the same in payment of debts amounting to $830, and giving to Avenger two notes for the balance of the purchase-money," describing the notes, "and that said sale embraced all of Avenger's property except about $400; and that Avenger, at the time such sale was made, owned personal property of more than $1,000 in value, and owed Goetter, Weil & Co. about $900; and if they

15

[Brinson v. Edwards.]

further believe that these facts were known to Edwards; then the sale and purchase was one which the law declares void as against Goetter, Weil & Co., and their verdict must be for defendants." (3.) "If the jury believe from the evidence that Avenger, at the time of the sale, was insolvent, or in failing circumstances, and that the fact was known to Edwards; and further, if they believe that Avenger required Edwards, as one of the terms of the sale, to give him his notes for $400, payable in June and October thereafter; then, unless it was intended or directed that the notes, or the proceeds thereof, [should be devoted] to the payment of his other debts, that was a reservation for the benefit of Avenger, which makes the purchase void as against his other creditors." (4.) "If the jury believe from the evidence that Avenger, at the time of making the transfer in writing, was insolvent, or in failing circumstances, and that this fact was known to Edwards: then this written transfer is fraudulent as against Avenger's existing creditors, if he owned personal property of value greater than $1,000, including the goods transferred." (5.) "If the jury believe from the evidence that Avenger, at the time of selling the goods in question, was insolvent, or in failing circumstances, and was indebted at the time to Goetter, Weil & Co.; and that these facts were known to Edwards, and the sale was of Avenger's entire stock of merchandise; and that one of the terms of the sale was that Edwards should give his notes to Avenger for $400; and if they further believe there was no agreement that the notes were to be used in paying other debts owing by Avenger; then the contract was one by which Avenger reserved a benefit to himself, which the law prohibits, and makes the sale void as against existing creditors." (6.) "If the jury believe from the evidence that Avenger, at the time he sold the goods to Edwards, was insolvent, or in failing circumstances, and owed Goetter, Weil & Co. about $900; and if they further believe that these facts were known to Edwards when he purchased the goods, and that he purchased them for $1231, paying $830 in debts due to himself and others, and giving his notes for the balance, payable in June and October thereafter; and if they further believe that Avenger, at the time of making said sale, owned personal property of value more than $1,000; then the necessary effect of the sale was to hinder, delay or defraud Goetter, Weil & Co. and other creditors of Avenger, and the law pronounces it void."

The charges given, and the refusal of the charges asked, are assigned as error.

[Brinson v. Edwards.]

TOMPKINS & TROY, and A. A. WILEY, for appellants.

WATTS & SON, and W. R. HOUGHTON, *contra.*

WALKER, J.—In the record proper no mention is made of any pleas filed by the defendants, nor is there anything in the judgment-entry to indicate upon what issues the case was tried. The bill of exceptions recites that "the defendants, in short by consent, plead the general issue and justification under a writ of attachment issued against D. B. Avenger." It is true that it is not a function of the bill of exceptions to show the pleadings in a cause, and that, as a rule, when the pleas are not set out in the record proper, the presumption to be indulged on appeal is that the case was tried on the general issue, and that special pleas were not interposed. *Pollak v. Searcy,* 84 Ala. 259; *Hatchett v. Molton,* 76 410. In no event can a recital in the bill of exceptions be allowed to contradict the record, as to a matter which ought to appear in the record proper rather than in the bill of exceptions.—*Courie v. Goodwin,* 89 Ala. 569. If, however, the record proper is wholly silent as to what issues were presented by the defendant, but the bill of exceptions states that a certain special plea was filed, and the whole tenor of its recitals shows that the matters urged by both parties, and considered by the court without objection, were such as could have been properly presented only by the special plea mentioned, then it can not be said that the statement of the bill of exceptions that such plea was interposed is a contradiction of the record proper in this regard; and, in such case, it seems more reasonable to look to the showing made by the bill of exceptions, than to disregard it altogether and indulge an indisputable presumption that the only plea that was filed was one which did not present the question which, without objection of either party, was treated as the main matter of contention in the trial.

In *Petty v. Dill,* 53 Ala. 641, this court declined to ignore a plea which appeared only in the bill of exceptions, though it was fully recognized that that was not the proper place for it. From the recital in the bill of exceptions in this case, of the evidence introduced by both the parties, from the part of the general charge of the court to which an exception was reserved, from the charge given at the request of the plaintiff, and from the charges requested by the defendant and refused, it clearly appears that the contest in the trial court was on the question of the validity, as against the defendants, who were attaching creditors of Avenger, of his sale of the stock

[Brinson v. Edwards.]

of goods to the plaintiff. Conceding that the question could have been raised only by a plea of justification under legal process, though the attaching creditors themselves were parties defendant, which was not the fact in the case of *Daniel v. Hardwick*, 88 Ala. 557; still we do not feel at liberty to indulge the presumption that such plea was not interposed, merely because the record proper is silent on the subject, when the bill of exceptions affirmatively states that there was such a plea, and makes such a showing of the proceedings on the trial that a presumption of the non-existence of the plea would involve the imputation upon both the parties litigant and upon the trial court that they addressed themselves almost exclusively to questions not presented by the pleadings. In such circumstances, to avoid imputing error to the trial court, it will be presumed that the issues upon which it is manifest that the case was tried, were duly presented by the pleadings. In the present case, we can not presume that the special plea of justification under legal process was not interposed, and the rulings of the trial court upon the question of the validity of said sale will be reviewed. Those rulings appear in their proper place, in the bill of exceptions. So far as the pleadings are concerned, the bill of exceptions is looked to only for the purpose of ascertaining that the issue involved by the special plea in question was raised. *Chandler v. Chandler*, 87 Ala. 300.

There was evidence tending to show that the stock of goods, valued by the parties at $1.231.54, was sold by Avenger at that price, and that he was paid therefor by the discharge of debts against him amounting to $830.54, and in the two notes of the purchaser for the balance. As only part of the consideration was the payment of antecedent debts, the validity of the sale as against other creditors is to be determined by the rules governing sales by debtors for a *new consideration.—Owens v. Hobbie*, 82 Ala. 466. In such a case, though the purchaser pays a full price, yet if he is chargeable with notice that the seller is insolvent, or in failing circumstances, and that it is his purpose by the sale to put his property beyond reach, or otherwise to hinder, delay or defraud his creditors, then such sale is invalid as against other creditors.—*Lehman v. Kelly*, 68 Ala. 192. An insolvent debtor has the right to pay one or more of his debts in preference to all others, though by so doing his remaining creditors are left empty-handed; but, in securing his own claim, the preferred creditor must not fraudulently aid the debtor in putting beyond the reach of other creditors property which

they have the right to reach and subject. The other creditors can not complain of such transaction, if it can not have effect to hinder, delay or defraud them as to some resource to which they are entitled as a matter of right for the payment of their claims. The sale of his property by an insolvent debtor may be made the means of preferring not only the purchaser but other favored creditors. As such preferences are allowed, and the act itself is legal, the fact that the result is to leave other creditors unprovided for does not render the transaction assailable by them, for the appropriation of the property is such as the law permits.—*Carter v. Coleman*, 84 Ala. 256.

In the case just cited, only a part of the consideration was an antecedent debt due to the purchaser. The seller received the balance in cash, to be used in paying other creditors, and it was so used. The sale was sustained against the attack of creditors who were not provided for. It would have been equally legitimate if such cash balance had been paid to the debtor, to be retained by him as exempt, if such sum, together with his remaining property, did not amount to more than he could claim in that mode. To the extent that exemptions are allowed, the debtor has as much right to prevent his creditors reaching property that may be so claimed, as he has to dispose of any of his property for the payment of preferred debts. A provision for the authorized exemptions is as lawful as a provision for the preferential payment of debts. A creditor has no right to complain of the appropriation of the debtor's property to either of these purposes, for in neither case is he unlawfully deprived of an opportunity of reaching property which he has the right to subject. If Avenger, as a resident of this State, was entitled to exemptions of personal property ; if the debts which formed part of the consideration for the sale of the stock of goods were justly due ; if the two notes made payable to Avenger, together with his remaining personal property, amounted to no more than $1,000 in value, and the sale of the stock of goods was for a fair and adequate consideration, then the whole effect of the transaction was to make an authorized preference among the seller's creditors, and secure to him a sum of money which was not liable to his other debts. It is plain that Avenger had the right to pay the preferred debts with their equivalent in value from the stock of goods, and if what was left, together with his other personal property, did not amount to more than $1,000 in value, and he was a resident of the State, he could have disposed of such remainder of the stock just as he pleased ; for,

if the debtor's property does not exceed in value the amount exempted, the exemption privilege is attached to it by operation of the statute without any act of selection by him, and creditors can not be prejudiced by any disposition of property which is not liable to their demands.—*Nance v. Nance*, 84 Ala. 375; *Alley v. Daniel*, 75 Ala. 403; *Myers v. Conway*, 90 Ala. 109.

By selling the whole stock in bulk, and taking notes or cash for the difference between its estimated value and the debts paid, no greater benefit was reserved to the debtor, nor was the position of his creditors changed for the worse. Whether the property that could be claimed as exempt was disposed of in the one way or the other, the result would not be to secure to the debtor anything more than he was entitled to retain, or to put out of the way of other creditors any property which they had the right to have applied to the satisfaction of their claims. No more in the one case than in the other does the debtor acquire any benefit beyond what the law would have secured to him.—*McDowell v. Steele*, 87 Ala. 593. If Avenger was entitled to exemptions, it could make no possible difference to his creditors whether the property retained by him as exempt consisted of a part of a stock of goods or of the equivalent in value thereof in notes or in cash. There is nothing for creditors to complain of, in a transaction which can not have effect to work any detriment to their rights in reference to the property of the debtor.

The charges requested by the defendants are framed upon the theory, that though the excess in value of the stock of goods above the sum of the debts paid therewith, together with Avenger's other property, did not amount to more than he could claim as exempt, yet, if notes payable in the future were taken by the debtor for such excess, the law would pronounce the transaction fraudulent as against other creditors. Our conclusion is, that such a mere change in form of a part of the debtor's exempt property could not vitiate the transaction, as the change involves no prejudice to the rights of creditors; and that the charges were properly refused.

Avenger was not entitled to exemptions, unless he was a resident of this State.—Code 1885, §§ 2507, 2511. The position assumed by the plaintiff was, that the transaction by which he acquired the stock of goods could not be vitiated by the fact that the notes were given for the balance of the purchase-price, and that they were made payable in the future, because such notes became part of the exemptions allowed by the law to the debtor. To the maintenance of this position proof of the debtor's residence in this State was essential.

[Brinson v. Edwards.]

In  the bill of  sale Avenger is  described as "of  the  county of
Lowndes and State of Alabama;" but the record discloses  no
direct  evidence  upon  the  question of  his residence, and it is
not shown that the fact of  his residence in Alabama was con-
ceded.   In  the absence of  an admission as to a material fact,
unless  it  appears  that such fact was clearly shown, and that
it was not contested, the evidence  in  regard  thereto,  though
clear and without conflict, must be submitted to the jury, and
the trial court in charging the  jury has no right to assume the
existence of  such  fact  as  established.—2 Brick. Dig., p. 336,
§ 8; 3  *Ib.* p. 114, §§ 118  *et seq.*   While  it  does  not  appear
from the bill of exceptions that there was any dispute in  re-
gard  to  this material fact, yet it is  not shown that the exist-
ence thereof  was conceded, or that the defendant in any  way
waived the right to take advantage of  what  was  perhaps an
inadvertence on the part of  the  plaintiff  in  failing  to  intro-
duce proof on the subject.   In  the absence of any such show-
ing, the court could not assume that such fact  was  admitted.
*Carter v. Chambers*, 79 Ala. 223.   The  part  of  the  general
charge  to  which exception  was reserved was faulty in  failing
to submit to  the  jury the question of  the debtor's residence.
The  transaction  there  hypothesized could not, as a matter of
law, be pronounced valid, unless the fact existed which would
entitle the debtor to claim exemptions.   If  that  fact  did  not
exist, and the balance of  the purchase-price for the  property
sold was paid to the debtor in cash, such circumstances could
have been looked to by the jury in determining the *bona fides*
of the transaction (*Levy v.  Williams*, 79  Ala.  171); and if,
as in the present case, such balance was secured to be paid to
the debtor in the future, there was involved such a  hindering
and obstruction of  the other creditors as to render the  trans-
action  voidable  by  them.—*McDowell v.  Steele, supra.*   In
the instruction under consideration, the fact of  Avenger's resi-
dence  in  this State should have  been  hypothesized.   The
failure  to do so renders the  charge erroneous.   For this error
the judgment must be reversed.

     Reversed and remanded.