# The State *v*. Adler.

*Action to Recover License Tax.*

1. *Action to recover license tax due State and county; misjoinder of causes of action.*—The provision of the act "to provide for the more efficient assessment and collection of taxes in the State of Alabama," that the State tax commissioner "shall have authority　*　*　*　to bring suit　*　*　*　for the State and counties of the State against any delinquent who has not paid his State or county taxes or license for the current year or any year not exceeding five years before suit is brought," (Acts of 1896-97, p. 521, § 17), does not authorize the joinder in the same action of claims due the State and claims due a county of the State for taxes or for licenses; and the joinder of such claims in the same complaint is a misjoinder of causes of action and renders the complaint demurrable.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. JOHN MOORE.

This is an action by the State of Alabama against the appellee for the recovery of the State and county license taxes for engaging in the business of buying and selling futures in the years from 1893 to 1898, both inclusive, together with the interest and ten per cent. commissions on the taxes and interest.

There is a separate count in the complaint for each year, beginning with 1898, and going backward as to time, and the counts differ from each other only in a gradual increase in the gross amount claimed to cover interest.

The first count reads as follows: "The State of Alabama, as plaintiff, claims of the defendant as aforesaid, five hundred and twenty-five dollars, for that the defendant did engage in or carry on the business of buying or selling futures for speculation or on a commission, in the county of Dallas, in the year 1898, without having paid the license tax required by law, to-wit, the sum of three hundred dollars to the State of Alabama and one hundred and fifty dollars to the county of Dallas, which

[The State v. Adler.]

said sums and interest thereon, and ten per cent. commissions, are due from the defendant, and by reason of the non-payment thereof an action has accrued to the plaintiff to recover of the defendant the sums aforesaid, amounting in all to the sum of five hundred and twenty-five dollars. Yet the defendant has not paid the same, wherefore the plaintiff brings this suit."

The defendant demurred to the complaint on the ground, that there is a misjoinder of causes of action in this, that plaintiff unites in this suit a claim alleged to be due the plaintiff for a license tax and a claim alleged to be due Dallas county for a license tax. The court sustained this demurrer, and the plaintiff declining to amend the complaint, or to plead further, judgment was rendered for the defendant. The plaintiff appeals, and assigns as error the rulings of the court in sustaining the demurrer to its complaint, and the rendition of judgment in favor of the defendant.

SAM. WILL JOHN, for appellant, cited 2 Greenleaf on Evidence, § § 279, 283; *Strange v. Powell,* 15 Ala. 456; *Winter v. Montgomery,* 79 Ala. 488; *State v. Fleming,* 112 Ala. 183; Endlich on Statutes, § 23.

SATTERFIELD & YOUNG, *contra,* cited Code, § 28; *Hale County v. Railroad Co.,* 65 Ala. 391; 25 Amer. & Eng. Encyc. of Law, p. 13; *Guilford & Co. v. Kendall,* 42 Ala. 651.

McCLELLAN, C. J.—This is an action by the State of Alabama against Adler to recover the State and county license tax for engaging in the business of buying and selling futures, etc., in the years from 1893 to 1898, inclusive, together with interest and ten per cent commissions on the tax and interest. The complaint was demurred to on the ground, among others, that there was a misjoinder of causes of action in that plaintiff unites therein a claim alleged to be due the plaintiff for license taxes and a claim alleged to be due Dallas county for license taxes. This joinder of confessedly distinct causes of action is sought to be justified by the pro-

vision of an act of 1896-97 to the effect that the State tax commissioner, or his deputies when authorized by him, "shall have authority, with the consent of the Governor or Auditor, to bring suit by garnishment, attachment, or otherwise, for the State and counties of the State, against any delinquent who has not paid his State or county taxes or licenses for the current year, or any year not exceeding five years before suit is brought." Acts, 1896-97, p. 529, § 17. We do not so construe this enactment. To the contrary, it seems clear to us that its effect is merely to authorize the tax commissioner, or his deputies when authorized by him, to bring such suits for the State and for the counties, in the name of the State and of the county severally, for taxes and licenses due to them, respectively, and not at all to change the existing law which required that such actions should be brought in the name of the State on claims due the State, and in the name of the county on claims due the county; and the court properly sustained the demurrer for misjoinder of causes of action.

The judgment sustaining this assignment of demurrer was proper and, the plaintiff declining to amend, judgment was properly entered for defendant.

Affirmed.