# Somerville *v.* Wood *et al.*

*Action upon Bond of Treasurer of Municipality.*

1. *Municipal corporation; when municipality has authority under its charter to create the office of treasurer, and require him to give official bond.*—Where the act establishing a charter of a municipality provides that the mayor and aldermen thereof "are authorized to create all such and to appoint all such officers as may be necessary to carry into effect the powers conferred by this act; * * * and to regulate and control them in the discharge of their duties," the mayor and aldermen of such municipality have the right and power to elect or appoint a treasurer thereof and to require him, before entering into office, to give bond conditioned for the

24

[Somerville v. Wood *et al.*]

faithful performance of his duties as such officer; and, therefore, an ordinance enacted by the mayor and council of such municipality, creating the office of treasurer and requiring the execution of a bond by sucn officer before entering upon his duties, is authorized and within the powers conferred by the charter of such municipality.

2. *Same; same; such bond not without consideration.*—In such a case, a bond given by the treasurer, regularly and duly elected by such municipality, conditioned to faithfully perform the duties of his office, imports a consideration and is obligatory upon such treasurer and the sureties on his official bond.

3. *Same; same; action against treasurer of municipality should be brought in the name of person aggrieved.*—An action against the treasurer of a municipality and the sureties on his official bond to recover damages for the alleged breach of such bond, should be brought in the name of the person aggrieved, and not in the name of the municipality for the use of such person.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. C. SPEAKE.

This action was originally instituted by "Woodland, a municipal corporation, for the use of H. M. Somerville, Jr." against F. M. Wood and the sureties on his official bond as treasurer of the city of Woodlawn; and sought to recover damages for the breach of said official bond. The breach complained of, as alleged in the complaint, was, that F. M. Wood, as treasurer of the city of Woodlawn, failed and refused to pay H. M. Somerville, Jr., as directed by warrants issued in his favor, as superintendent and principal of the public schools of Woodlawn, by the Board of Education of Woodlawn. Several demurrers were interposed to the complaint, among which was that the complaint improperly makes the city of Woodlawn a party plaintiff. These demurrers were sustained. Subsequently the complaint was amended by striking out the words "Woodlawn, a municipal corporation for the use of," wherever they occur in the complaint. The complaint was further amended by adding as a part of each count thereof, an averment that the city council of Woodlawn had enacted certain ordinances, which created the office of treasurer and required him to execute a bond in the sum of $2,000 before

entering upon the discharge of his duties, conditioned to faithfully perform all the duties of said office. These ordinances are set out *in hetc verba* in the amendment to the complaint.

To the complaint as amended the defendants interposed the same demurrers, as were formerly interposed and additional demurrers, which may be summarized as follows: 1. It does not show by said complaint as amended that the bond sued on was required or authorized to be given by law. 2. The mayor and aldermen of Woodlawn had no authority under the charter of said municipality to enact the ordinances as set out in the amended complaint. 3. That it appears from the complaint as amended, that the bond sued on was a voluntary obligation and without any consideration to support it. 4. Because the bond sued on is not an official bond, and is not required or authorized by law to be given, and, therefore, the plaintiff had no right of action thereon in the matters set forth in the complaint. These demurrers to the amended complaint were sustained, and the plaintiff declining to further amend his complaint or plead further, judgment was rendered for the defendants. Plaintiff appeals, and assigns as error the rulings of the trial court in sustaining the demurrers of the defendants to the original and amended complaint.

Z. T. RUDULPH, D. C. BUCKSHAW and ORMOND SOMERVILLE, for appellant.—"A town may lawfully require a collector of taxes, or other officer, to furnish sureties for the faithful discharge of the duties of his office. This power is incidental, and need not be expressed."—*Morrell v. Sylvester*, 1 Greene, (Me.) 248; *Hawes v. Chicago*, 158 Ill. 653; 30 L. R. A. 225; *Somerville v. Wood*, 115 Ala. 534; *Supervisors v. Coffinbury*, 1 Mich. 355; *People v. John*, 22 Mich. 461.

LANE & WHITE, and J. S. KENNEDY, *contra.*

McCLELLAN, C. J.—We take judicial cognizance of the act "To establish a charter for the town of Woodlawn, in Jefferson County, Alabama," approved January 26, 1891. (Acts, 1890-91, pp. 229-242). Section 8 of that

[Somerville v. Wood *et al.*]

act is as follows: "That the mayor and aldermen are authorized to create all such, and to appoint all such, officers as may be necessary to carry into effect the powers conferred by this act; to prescribe their duties; to fix their compensation and the terms of service; to regulate and control them in the discharge of their duties, and to remove or discharge such officers or agents." And section 22 provides: "That all the provisions of this act shall be liberally construed to enable the mayor and aldermen of Woodlawn to carry into effect all the powers conferred thereby."

It appears from the complaint that the defendant Wood was elected or appointed treasurer of Woodlawn, and by ordinances required to give the bond sued on for the faithful performance of his duty as such treasurer. Under the sections of the charter quoted we hold that the town had the right and power to elect or appoint a treasurer, and to require him before entering into office to give such bond. Such requirement is, in our opinion, well within the express authority of the mayor and aldermen to regulate and control officers appointed by them in the discharge of their duties. And we, therefore, conclude that it is made to appear by the amended complaint that the bond sued on was required to be given by Wood under due authority of law, and therefore imports a consideration and is obligatory on Wood and his sureties therein. The demurrer to the complaint as last amended should have been overruled.

The action should have been brought originally in the name of the beneficiary, Somerville, and not in the name of the town of Woodlawn to his use, (*Morrow v. Wood,* 56 Ala. 1); but this defect of the complaint had been remedied by amendment before the case was last heard on demurrer.

Reversed, demurrer overruled and cause remanded.