# Hudgins, *et al. v.* Pickens County.

### *Assumpsit.*

·(Decided June 10, 1913.    Rehearing denied July 8, 1913.
62 South. 995.)

1. *Appeal and Error; Assignment; Necessity.*—Where the record on appeal contains no asignment of error so as to present the rulings of the trial court for review, the judgment will be affirmed for want of assignment.

2. *Same; Transcript; Preparation; Sufficiency.*—Where the transcript of the record is loosely tied together, contains no seal of the

[Hudgins, et al. v. Pickens County.]

court, is not prefaced by an index, and does not set forth essential facts necessary to vest the court with jurisdiction, a rehearing will not be granted to permit the assignment of errors notwithstanding the courts do not favor dismissal of appeal for defects in the mode and manner of their presentation.

3. *Same; Record; Organization of Court.*—Where the record of appeal contains nothing to show the organization of the court rendering the judgment from which the appeal is taken, this court is without jurisdiction to entertain it, and such an appeal will be dismissed.

APPEAL from Pickens Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Assumpsit by Pickens County against L. C. Hudgins, Judge of Probate, and the sureties on his bond to collect the balance due the county for a certain mortgage tax. Judgment for plaintiff, and defendant appeals. Affirmed.

CURRY & ROBINSON, and OLIVER, VERNER & RICE, for appellant. On the original brief counsel discuss the merits of the case. On application for rehearing, appellant filed an affidavit showing that the transcript of the record was made up and forwarded to this court by the clerk of the circuit court without giving the attorneys an opportunity to see it or assign errors, and that at the call of the division, the wife of one of the members of the court having died, there was no call at the regular time. The call was continued until Thursday of that week; the briefs were forwarded to be filed with the cause, and it was supposed that error had been properly assigned, and they insist that although the transcript was not properly prepared, that it conclusively showed that the county had no authority to maintain the suit in its own name, and that therefore, there was nothing to support the judgment rendered, and the court would not do such a vain and useless thing as to affirm a judgment that found no support in the complaint.—*State v. Ern-*

[Hudgins, et al. v. Pickens County.]

*est*, 123 Ala. 631; *L. & N. v. Williams*, 113 Ala. 402; ·
*Thomas v. State, ex rel.*, 58 Ala. 365. It is the duty of
this court to assert and maintain the prerogatives of
the state, and to prevent the usurpation thereof by
others.—*Wisconsin v. Cunningham*, 15 L. R. A. 561.

PATTON & PATTON, for appellee. The county had the
right to maintain an action of the character here in its
own name.—Secs. 2473, and 5415, Code 1907; *Morrow v.
Wood*, 56 Ala. 1; *Dudley v. Chilton*, 66 Ala. 393; *State
v. Adler*, 123 Ala. 87. The State Board of Compromise
had no right or authority to settle or compromise debts
due to the county.—Sec. 130, Code 1907; *Morrow v.
Wood, supra.* No errors are assigned of record, and
hence, the court will not consider any matter in the rec-
ord, and will affirm the cause.

PELHAM, J.—There is neither an assignment of er-
rors nor anything that purports to be an assignment of
errors on the record, and the judgment of the court be-
low must be affirmed for failure to comply with the rule
requiring an assignment of errors on the transcript to
present the rulings of the trial court for review.—Civil
Code, p. 1506, rule 1.

Affirmed.

ON APPLICATION FOR REHEARING.

Courts do not favor the dismissal of appeals for de-
fects in the mode or manner of their presentation, and
on the showing made and arguments advanced for ap-
pellants in the application for a rehearing in this case
we should be inclined to look favorably on the request
urged upon us to permit a withdrawal of the submis-
sion for the purpose of assigning errors on the trans-
script, to the end that the case be considered on its mer-
its, if it were not for the condition in which we find the

transcript. It is loosely tied together without any attempt at sealing, contains no seal of the court from the judgment of which the appeal purports to have been taken, and is not prefaced by an index of its contents, as required by law.—Code, § 2848; rules Nos. 26, 29 (Code, pp. 1512, 1513). But, aside from all of these deficiencies, the transcript is so totally defective as not to set forth the essential facts necessary to vest this court with jurisdiction to pass upon the questions sought to be presented. Even if we should grant the appellants' request and allow the submission to be withdrawn in order that errors might be assigned upon the transcript, it could avail the appellants nothing, for, if errors were properly assigned, under the rulings of the Supreme Court the appeal would have to be dismissed because of the failure of the transcript to show that the judgment appealed from was rendered by a court organized pursuant to law.

The record shows no organization whatever of the court from the judgment of which the appeal is prosecuted, and, this essential fact not being shown, a dismissal would necessarily follow.—*Pensacola, A. & W. Ry. Co. v. Big Sandy Iron Co.,* 147 Ala. 274, 41 South. 418; *Thomas v. Daniel Bros.,* 42 South. 623; *McPherson v. Wiggins,* 40 South. 961. See, also, *Grantham v. State,* 3 Ala. App. 168, 57 South. 1025, and *City of Demopolis v. Atkeison,* 4 Ala. App. 278, 58 South. 684, in which cases this court has, as is its duty, followed the holdings of the Supreme Court in the above-cited cases on this proposition.

The contention in the application for a rehearing that the court should consider the matters presented by the record, without an assignment of errors, is without merit, and, even if meritorious, for the reasons above given could not be considered.

Application for rehearing overruled.