# Hudgins v. Pickens County.

## Assumpsit.

(Decided January 13, 1914. Rehearing denied February 3, 1914. 64 South. 472.)

1. *Judgment; Vacation; Authority of Judge.*—Where a judgment is not void, the court is without authority to vacate it at a subsequent term; if void, and this appears from the face of the record, it may be annulled at a subsequent term.

2. *Actions; Splitting Cause.*—Under section 2082, subdivision 7e, and sections 2473, and 5415, Code 1907, a suit by the county alone on the bond of the judge of probate for his failure to pay the county its share of the taxes on mortgages filed in his office, was maintainable, and was not the splitting of a single and indivisible cause of action.

APPEAL from Pickens Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by Pickens county against L. C. Hudgins, judge of probate, and his bondsmen for taxes, alleged to have been collected by the judge of probate upon mort-

gages and not paid into the county treasury. There was judgment for plaintiff, and from an order denying motion to vacate and annul such judgment, defendants appeal. Affirmed.

OLIVER, VERNER & RICE, and J. M. FOSTER, for appellant. The failure of the judge of probate to collect the tax was one single and indivisible action, and cannot be split up or divided so as to be made the subject of two suits by two separate and distinct parties.—Acts 1903, p. 227; *K. C. M. & B. v. Robertson,* 109 Ala. 296. The case of *State v. Adler,* 123 Ala. 87, is not analagous to the instant case and cannot be made the basis for holding that this was a single cause of action. Where several parties are jointly injured by one act or omission, only one cause of action arises, and if some of these jointly injured do not desire to sue, the others may sue jointly in the names of all by indemnifying those who do not care to sue.—*Harris v. Swanson Bros.,* 62 Ala. 299; *Jurratt v. McCabe,* 75 Ala. 325; *Boulton v. Cuthbert,* 132 Ala. 406. It follows, therefore, that the judgment is void because the complaint fails to state a cause of action, and the judgment may be set aside at any time.—*Browder v. Gaston,* 30 Ala. 677; *Childress v. Mann,* 33 Ala. 206; *Wiggins v. Stein,* 103 Ala. 657; *L. & N. v. Williams,* 113 Ala. 402; *Linam v. Jones,* 134 Ala. 579; *Scarbrough v. Watson,* 125 Ala. 509; *Taylor v. Jones,* 52 Ala. 78. All the authorities on this question are collated in the case of *Sweeney v. Tritsch,* 151 Ala. 242. The appellant was not estopped by the appeal from the original judgment.—Authorities supra, and *Randall v. Wadsworth,* 130 Ala. 641; *Fancher v. Holenbach,* 112 Ala. 469.

PATTON & PATTON, for appellee. The only effort here is an effort to extend the time for taking appeal from

the judgment, and this is not tolerated.—15 Enc. P. & P. 300; 65 Ia. 240. The court had no power at a subsequent term to alter or annul the judgment unless the judgment is absolutely void.—*Sweeney v. Tritsch*, 44 South. 184; *Owen v. Bankhead*, 82 Ala. 399; *Ex parte Robinson*, 72 Ala. 389; *Pettus v. McClannahan*, 52 Ala. 55; *Johnson v. Glasscock*, 2 Ala. 522. The judgment rendered was not void on its face.—*Morrow, et al. v. Wood*, 56 Ala. 1; *Dudley v. Chilton County*, 66 Ala. 593; *State v. Adler*, 123 Ala. 87. Under these authorities, the action was divisible, and there was no splitting of causes of action.

PELHAM, J.—Suit was brought by Pickens county, the appellee, against the appellants, in the circuit court of Pickens county, that resulted in a judgment in favor of the appellee, rendered at the spring term, 1912, of the court. From that judgment an appeal was prosecuted here by the appellants, resulting in an affirmance for failure to assign errors.—*Hudgins, et al. v. Pickens County*, 9 Ala. App. 228, 62 South. 995. At a subsequent term of the circuit court (fall term, 1913), the defendants in the original suit, appellants here, made a motion to set aside and vacate the judgment rendered against them at the suit of the appellee at the spring term, 1912, of said court, and, from the order of the court overruling and denying that motion, this appeal is prosecuted.

The motion to vacate and annul the original judgment of the circuit court is primarily grounded on the contention that it was a void judgment; that the complaint on its face shows the judgment to be void in that it fails to state a cause of action. If the original judgment rendered by the circuit court was not void, the court would be without authority to vacate or annul

it at a subsequent term, but if void, and this appeared from the face of the record, it would have been the duty of the court to vacate or annul the judgment upon the appellants' motion.—*Sweeney, et al. v. Tritsch*, 151 Ala. 242, 44 South. 184.

The complaint in the suit on which the judgment sought to be vacated was rendered shows a suit at the instance of the appellee as party plaintiff against the appellants as parties defendant, seeking recovery for the breach of the official bond of L. C. Hudgins (one of the defendants) for the failure of said Hudgins, while judge of probate of Pickens county, to collect or pay over to the county treasurer the full amount of the privilege tax due on a certain mortgage received and filed for record in the probate office. The statute fixing this special tax and requiring its payment provides that one-third of the amount collected shall be paid by the judge of probate to the county treasurer (Code, § 2082, subd. 7e), and it is this proportionate share of the tax, provided by the statute as payable to the county, that was sought to be recovered in the original suit, and for which the judgment attacked as void was rendered against the said probate judge, Hudgins, and the sureties on his official bond.

It is contended by the appellants that the county was without right or authority to maintain the action, because, as there was but one tax required to be paid under the provisions of the law (two-thirds of which the probate judge was required to pay to the state treasurer and one-third to the county treasurer), then but one cause of action could be maintained against the probate judge for failing to collect or pay over the tax, and that for the county to bring a separate suit for its proportionate share of the tax would be splitting up a single and indivisible cause of action. This contention

[Hudgins v. Pickens County.]

is fully answered in what is said in the opinion of the court in the case of *State v. Adler,* 123 Ala. 87, 26 South. 502, where it was held that suits for the collection of taxes and licenses due the state and county, respectively and in proportionate shares, should be brought for and in behalf of the state and county severally for the amounts due each (that is, in the name of the state on such claims due the state, and in the name of the county on claims due the county), and that to unite the two in one cause of action makes it subject to the objection of a misjoinder of distinct causes of action. Sections 5415 and 2473 of the Code authorize a suit by the party really aggrieved on the bond of a judge of probate for failure to perform any official duty. These are remedial statutes having the clear intention to require the prosecution of suits in the name of the party having the beneficial interest in the subject-matter of the suit. —*Morrow v. Wood,* 56 Ala. 1; *Lewis v. Lee County,* 66 Ala. 480; *Somerville v. Wood, et al.,* 129 Ala. 369, 30 South. 280.

The conclusion reached is that the appellee, Pickens county, had the right to bring the suit as the party really aggrieved and having the beneficial interest in the recovery of the claim due the county for one-third of the privilege tax.

The judgment attacked not only is not shown on the face of the record to be void, but, on the contrary, the complaint states a good cause of action, and the court properly overruled the appellants' motion to vacate and annul the judgment.

Affirmed.