# *Ex Parte* Hudgins.

### *Assumpsit.*

(Decided June 11, 1914.   Rehearing denied July 2, 1914. . 65 South. 959.)

1. *Judgment; Opening or Vacating; Insufficiency of Complaint.*— If any count of the complaint stated a cause of action a motion to vacate a judgment on the ground that the complaint stated no cause of action, is properly overruled.

2. *Judges; Official Bond; Failure to Collect Tax; Action.*—The county could sue the probate judge who failed to collect the tax on the mortgage as required by subdivision 7, section 2082, Code 1907, and also the sureties on his official bond for its share of such tax. (Sections 2473 and 5475, Code 1907) ; since, although the tax was levied by the state, it is levied for the benefit of the county in the proportion of one-third thereof.

3. *Action; Splitting Cause.*—The bringing of such an action for one-third of the tax did not violate the rule against splitting a cause of action, as the failure of the judge to collect the tax created a distinct breach of his duty to the county as well as to the state, giving rise to a separate and distinct injury, each, therefore, having a separate cause of action.

(Mayfield, J., dissents.)

CERTIORARI to Court of Appeals.

Pickens County sued L. C. Hudgins, and his official bond, for the failure to collect a certain mortgage tax, and had judgment thereon. Defendant moved for an order to vacate such judgment and appealed to the Court of Appeals from a denial of such motion. The Court of Appeals affirmed the action of the lower court, and Hudgins petitions for certiorari to revise such judgment. Writ denied.

See *Hudgins v. Pickens County*, 10 Ala. App. 377, 64 Ala. 472.

OLIVER, VERNER & RICE, CURRY & ROBINSON, and J. MANLY FOSTER, for appellant. Only the state may sue the judge of probate for a failure to collect the taxes required on the filing of a mortgage for record.—General Acts 1903, p. 327. The duty is not divisible, and to allow a recovery for one-third of the amount would be allowing the splitting of the cause of action.—*K. C. M. & B. v. Roberson*, 109 Ala. 296. As to other matters insisted on, see brief of attorneys for appellant in the report of this case in 10 Ala. App. 377.

PATTON & PATTON, for appellee. For brief of counsel, see report of this case in 10 Ala. App. 377.

GARDNER, J.—From the order of the trial court overruling motion of defendants in case of *Pickens County v. L. C. Hudgins, et al.*, 10 Ala. App. 377, 64 South. 472, to have set aside and vacated the judgment rendered against said defendants, petitioners herein prosecuted an appeal to the Court of Appeals, and the judgment of the court below was there affirmed. This ruling of the Court of Appeals we are asked to review.

The complaint contained four counts stating in various manner the cause of action. The insistence of peti-

[Ex Parte Hudgins.]

tioners is that the complaint states no cause of action, and therefore the judgment is void and should be vacated. Confessedly, of course, if any one count of the complaint states a cause of action, then the rulings of the court are correct.

The suit is by Pickens county and against the judge of probate of said county and his official bondsmen, and counts upon a failure of the said probate judge to collect the tax properly due upon the filing for record of a certain mortgage. For convenience we here copy a portion of the fourth count of the complaint, omitting what we deem immaterial for this purpose: "And plaintiff avers that the defendant L. C. Hudgins did fail to discharge the duties of judge of probate for said Pickens county, Ala., in this, that on, to wit, the 6th day of December, 1906, there was filed with the defendant L. C. Hudgins, as judge of probate, for said Pickens county, Ala., a mortgage, deed of trust, or instrument in the nature of a mortgage or deed of trust, given to secure the payment of $1,500,000 by Alabama, Tennessee & Northern Railway Company to Knickerbocker Trust Company, trustee, conveying real estate and personal property situated in the state of Alabama, that said mortgage, deed of trust, or instrument in the nature of a mortgage was received for record by defendant L. C. Hudgins, and recorded in record of mortgage book 46, on pages 1 to 32 inclusive; that said defendant, L. C. Hudgins, as judge of probate for said county, failed and refused to collect the tax provided for in section 2082, subd. 7, of the Code of Alabama for 1907, or in section 3911 of the Code of 1896, and has wholly failed to account to plaintiff for its part of the mortgage tax due under said mortgage; wherefore this suit."

By subdivision 7 of section 2082 of Code, 1907, it is provided that no mortgage, deed of trust, etc., shall be

received for record without the payment of the privilege tax of 15 cents for each $100 of indebtedness or portion thereof secured thereby. The official duty is therefore clearly placed upon the judge of probate to receive and record the said mortgage, deed of trust, etc., when the tax is paid and equally clear is his duty not to receive the same for record until said tax is paid. He receives compensation of 5 per cent. of the amount collected for such services. By subdivision 7 (E) it is provided that of the taxes thus collected by the probate judge there shall be paid to the county treasurer of the county in which such taxes are collected one-third of the amount collected by him, to be accounted for by him, and the remaining two-thirds to the state treasurer.

The county is therefore to receive one-third of this tax, and, as we have seen, it is the duty of the judge of probate to collect the same and not to receive for record the said instrument until and unless said tax is paid.

It is insisted by counsel that this tax is levied by the state and the omission of the probate judge to collect the same was a violation of the duty that he owed to the state, and for this reason that the action could not be maintained by the county.

We do not agree. True, the tax is levied by the state. Indeed, all taxation either comes directly from the state or through some subdivision of the government receiving authority from the state. In either event the state is the fountain source of taxation. In the instant case the tax is levied for the benefit of the county one-third thereof, for the benefit of the state two-thirds thereof, just as much so as if it had been so written in so many words. We are of the opinion that the case of *State v. Adler*, 123 Ala. 87, 26 South. 502, cited in opinion of the Court of Appeals, fully supports the conclusion there reached.

By section 2473, Code, it is provided that for any breach of an official bond of any officer of this state the person aggrieved may sue in his own name, assigning the appropriate breach.

Section 5415, Code 1907, provides that all bonds given by judges of probate may be sued on by any one sustaining an injury by reason of any neglect or omission of such officer to take sufficient surety from executor, etc., or by failure of such judge to perform any other official duty.

We do not think the authorities cited by counsel as to splitting up a cause of action are applicable here. It is the duty of the judge of probate to collect this tax, one-third for the benefit of the county and two-thirds for the benefit of the state. A failure and refusal on his part to do so (as alleged in said count 4) creates a distinct breach of duty to the county and to the state, giving rise to distinct and separate injury, and each therefore being a separate cause of action. Otherwise, and if insistence of counsel be followed, then should the probate judge receive and collect and pay over to the state only the two-thirds of the tax which is for the benefit of the state, and fail and refuse to collect the one-third for the county, then the latter would be without remedy for such breach of official duty, though suffering the loss of the one-third of said tax.

The foregoing expresses the views of the majority of the court. Justice MAYFIELD dissents and expresses his views in his opinion which follows. He does not seem, however, to rest his dissent upon the line of argument followed by counsel for petitioner, but rather upon the theory that the county has no rights whatever until the tax is actually collected, that the probate judge is acting exclusively for the state and not for the county, and that in this matter he owes no duty to the county until

the money is actually collected. Of course, we fail to see the force of this reasoning. We have shown it is the duty of the judge of probate to collect this tax and pay this one-third thereof to the county, and it is his duty not to receive the instrument for record until the tax is so paid. For this he receives compensation. It certainly must be admitted that his failure and refusal to collect the tax constitutes a breach of his official duty. Any person aggrieved may sue for such breach. The state has levied this tax, one-third thereof for the benefit of the county. We are wholly unable to see how it can be contended that the county for whose benefit the one-third of that tax is levied is not interested in seeing to it that the tax is in fact collected. Surely the quantity of the tax can have no bearing upon the logic of the case. Therefore, had this subdivision provided that all of the tax should be paid to the county, could it then be said that the county had no interest in the same until actually collected? Clearly not. The fact that a portion only goes to the county and a portion to the state clearly should not change the logic of the situation. As shown previously herein, if this reasoning be followed, then the judge of probate could only collect two-thirds of the tax and pay the same over to the state. The state would then be satisfied in law because paid in full and could not complain. He may then fail and refuse to collect the one-third due the county. The county reads the provision of the law whereby it is said that it is the duty of the probate judge to collect the whole tax and pay over one-third to the county, and yet the dissenting opinion says to the county that it has no rights, no interest, because the money has not been actually collected. Little comfort here for the county; yet this is, as we view it, the logical result of the views as therein expressed. The dissenting opinion asks, "How can the

county have a remedy until it has a right?" The answer of course is that the county has a right, has an interest, in the discharge of this official duty, the collection of this tax, and is injured by a breach of this duty, and it is our opinion the views of our dissenting Brother would lead to a denial of a remedy for this right.

True the history of this case, as presented by the record, and former disposition of the same (*Hudgins, et al. v. Pickens County,* [App.] 62 South. 995), might disclose that a hardship will result from the conclusion here reached. We do not think this result can be said to follow as the fault of the law or the courts. With this, however, of course, we cannot here be concerned. It is an expression, often used that "hardships make shipwreck of the law." We have here but one duty, and that is to declare the law, and this is resolved here into one question; that is, whether or not any one count of the complaint states a cause of action. If so, then we have no other duty to perform save to deny the writ. This is our conclusion.

Writ denied. All the Justices concur, except MAYFIELD, J., who dissents.

MAYFIELD, J.—(dissenting).—It is here decided that a county can maintain an action against a probate judge for a failure to collect the full amount of taxes for recording a mortgage provided for by subdivision 7 of section 2082 of the Code. I do not believe this is now the law, or that it ought to be the law, and I cannot concur.

This is not an action to recover taxes. It is an action to recover damages from an officer for failure to collect taxes. The cause of action is in tort. The form of action is ex contractu; but the cause of action is ex delicto.

[Ex Parte Hudgins.]

This mortgage tax is not levied by the county nor by the probate judge; it is levied by the state; but the law requires the probate judge to collect and distribute it, a part to the state and a part to the county. It is the state that enjoins the duty of collecting, and not the county. The county has no right, duties, or liabilities, as to the collecting of this tax. It is levied and collected as a state tax and not as a county tax. It is true that after it is collected a part of it is disbursed to the counties in which the property mortgaged is situated. Until the tax is collected, the county has no interest, rights, duties, or liabilities. It cannot compel the collection of the tax, because the collection is the inception of the county's rights in the premises. To hold otherwise would be like holding that a child may sue its parent for failing to collect, or to make money, on the ground that if the parent had collected or made the money the child would be given a part of it.

The probate judge, in ascertining the amount of the mortgage tax, and collecting it, is acting wholly and exclusively for the state and not for the county. In this matter he owes no duty to the county. After he collects the money, he does owe a duty to the county of paying into its treasury one-third of the tax; but that duty does not and cannot arise until the money is actually collected.

The only breach of duty alleged or attempted to be alleged, in any count of the complaint, is in the failure to collect the tax. The duty owing for this is, by law, exclusively to the state; there is, and can be, no duty owing the county, as to ascertaining the correct amount and collecting it. His official bond does not make the probate judge or his sureties liable for anything, for which the judge would not be liable without a bond. As was said in *Irion, et al. v. Lewis*, 56 Ala. 195, it was not

the intention of the Legislature to increase the officer's liability to civil suits in requiring official bonds, nor does the bond make that actionable which would not be actionable, but for the bond. The sole effect of the bond is to make the sureties liable for certain wrongful acts or derelictions of the officer. The bond never adds to or increases the liability of the officer, but only makes the sureties civilly liable for some of his wrongful acts.

Suppose there was no official bond in this case would any one ever suspect, much less decide, that the county could sue the probate judge in tort for failure to discharge his public duty of correctly ascertaining the amount of the mortgage tax and of collecting it in full? If the county cannot maintain such an action of tort against the probate judge, then it cannot maintain an action on his official bond, when the only breach attempted to be alleged is the self-same tort.

The mere fact that the action is ex contractu does not change the result. The real and only cause of action is the alleged tort of failing to collect the money. The officer is certainly under no contract with the county to so collect such taxes; neither does he owe the county any such duty.

If the mere fact that the county would have received a part of the tax had it been collected gives it a right of action, then every person in the state or the county who would have received a part of it could, for the same reason, maintain a like suit. The damages in such a case are too remote to be recoverable.

The controlling factor in the case is entirely overlooked by the court; and that is that the very inception of the county's rights is the collection; that until the money is actualy collected by the probate judge the county has no right or color of right—that it is the actual collection which confers the right. How can the county

have a remedy until it has a right? The law is that where there is a right there is a remedy. The effect of this decision is to hold that, where there may be or might have been a right, there is now a remedy. This is a dangerous precedent, and ought not to be set or followed.