# Oxanna Building Association *v.* Agee.

*Action on Promissory Note.*

1. *Action against a corporation; judgment by default; proof of service of process.*—To authorize the rendition of a judgment by default against a corporation, the record must show that proof was made to the court that the person on whom the process was served was, at the time of the service. such an officer or agent of the defendant, as was, by law, authorized to receive service of process for, and on behalf of the defendant.

APPEAL from Anniston City Court.

Tried before the Hon. B. F. CASSADY.

This was an action brought by A. P. Agee, as receiver of the Anniston Savings & Deposit Company, against the Oxanna Building Association; and counted upon several promissory notes.

The transcript contains no bill of exceptions; and the judgment entry, so far as it bears upon the decision rendered in this court, is sufficiently stated in the opinion. The appellants assign as error, among other grounds, that the record does not show that proof was made to the court that

[Oxanna Building Association v. Agee.]

W. S. Larned, at the time of service upon him as the secretary and treasurer, was such secretary and treasurer of the defendant company.

SAVAGE & COLEMAN, for appellant, cited *Manhattan Ins. Co. v. Fowler*, 76 Ala. 372; *Talladega Ins. Co. v. Woodward*, 44 Ala. 287; *M. & E. Railroad Company v. Hartwell*, 43 Ala. 508; *Oxford Iron Co. v. Spradley*, 42 Ala. 24; *Southern Express Co. v. Carroll*, 42 Ala. 437; *Talladega Ins. Co. v. McCullough*, 42 Ala. 667; *W. & C. R. R. Co. v. Cole*, 6 Ala. 655; *Lyon v. Lorant*, 3 Ala. 151; *Bank of Huntsville, v. Walker*, Minor, 391; 1 Black on Judgments, § 81.

BLACKWELL & KEITH, *contra*.

HEAD, J.—This is a suit against the Oxanna Building Association, alleged to be a private corporation. The sheriff's return of the summons and complaint shows execution by leaving a copy thereof with "W. S. Larned, Secretary and Treasurer of defendant, The Oxanna Building Association." The court rendered judgment by default against the defendant. The only proof taken by the court in reference to the service, is shown by the following recital in the judgment-entry: "Came the plaintiff by attorney, and the service having been proven on W. S. Larned, as secretary and treasurer of the defendant."

To authorize the rendition of judgment by default against a corporation, the record must show that proof was made to the court that the person on whom the process was served was, at the time of the service, such an officer or agent of the defendant, as, by law, was authorized to receive service of process for and on behalf of the defendant.—*Manhattan Fire Ins. Co. v. Fowler*, 76 Ala. 372, and authorities there cited. The proof made in this case falls far short of this requirement. It proves nothing but the fact of the service itself, which was already shown by the sheriff's return. The judgment was, therefore, unauthorized.

Reversed and remanded.