FLORENCE H. ALFORD, *as Administratrix of the estate of James M. Hendry, deceased,* v. EDWARD F. HOAG.

#### No. 416.

1. SUMMONS—*Return-day—Clerical Error.*   Summons was issued November 9, 1887.   It designated the answer-day to be December 9, 1887.   It directed the sheriff to return it December 19, 1887, instead of November 19, 1887.   *Held,* that the summons was not void, but that the error, which was apparent by the record, could be corrected at any time.
2. ——— *Error in Defendant's Name—Amendment after Expiration of Sheriff's Term.*   The summons directed the sheriff

to summon James M. Hendry. The return showed that he had duly served "James M. Dendry, the within-named defendant." *Held*, that the return could be amended after the expiration of the sheriff's term of office to show that he had in fact served the defendant James M. Hendry.

3. REVIVOR — *Return of Execution — Evidence.* Judgment was entered December 13, 1887. Executions were issued thereon June 5, 1889, August 5, 1889, and September 9, 1892. The defendant Hendry died February 5, 1895. The execution of September 9, 1892, was not returned to the clerk's office until November 26, 1892. *Held*, that on the motion to revive against the administratrix the execution of September 9, 1892, was competent evidence; and that the evidence was sufficient to sustain the order of revivor, no reason to the contrary being shown by the administratrix.

Error from Douglas district court; A. W. BENSON, judge. Opinion filed November 12, 1898. Affirmed.

*Alford & Alford*, and *F. J. Savage*, for plaintiff in error.

*W. W. Nevison*, and *Bishop & Mitchell*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : Upon a motion to revive a judgment in favor of the defendant in error and against the testator of the plaintiff, an objection was made to the introduction of the summons and return on the ground that the summons was void. It was issued November 9, 1887. The answer-day was fixed in the summons for the 9th day of December, 1887. The officer was directed to return the writ on the 19th day of December, 1887. It was contended that for this reason the summons was void and gave the court no jurisdiction. The return of the sheriff upon this summons recited that it was served on the 14th day of November, 1887, "upon the within-named James M. Dendry." In the body of the summons the defendant was properly named as James M. Hendry.

Alford v. Hoag.

The summons was not void. The return-day fixed by the clerk as December 19, 1887, instead of November 19, 1887, was an apparent clerical error that might have been corrected at any time on the record itself. The indorsement on the summons stated that it was returnable November 19, 1887. The record of the court so recited. It could not have misled the defendant. The summons advised him when his answer was due. The court acquired jurisdiction by the service thereof on the defendant to render the judgment it did render. The second contention, namely, that the summons was void because it was served on James M. Dendry instead of James M. Hendry, the defendant, is likewise without merit. (*Bank v. Sewing Society*, 28 Kan. 424, and cases cited there by the court.) The same remarks apply to the third contention, which is that the amendment of the return of the sheriff on the summons was void because at the time the amendment was made the sheriff's term had expired.

The fourth contention is that the execution issued September 9, 1892, and the return thereon were not proper evidence because the execution was not returned and filed within the sixty days limited by the statute. It is true that the record discloses that it was not filed in the clerk's office until the 26th of November, 1892. The return states that it was made on the 8th of November and within the sixty days. It is contended that because it was not filed within the sixty days it does not prove that any execution was issued or any effort made in good faith to collect the debt, and therefore there was nothing to prevent the judgment from becoming dormant within five years from the last execution, which was issued August 5, 1889, or more than five years prior to the death of the defendant Hendry. The execution was filed and it became a

part of the record and was evidence of the facts which
it recited necessary to be proved by the plaintiff ; that
is, that execution had issued in good faith to the sher-
iff of Douglas county in an effort by the plaintiff to
collect his judgment.    It is true, as counsel say in
their brief, that after the return-day nothing can be
done under the execution.    It is then *functus officio.*
However, had a levy been made prior to the return-
day, the writ would have been sufficient warrant for
the sheriff making a sale.    So that the fact of its not
being returned does not render the act of the clerk in
issuing it void, nor the act of the plaintiff in having
it delivered to the sheriff void ; nor does it prevent it
from becoming a part of the record upon being filed,
and, as a part of the record, proving the facts nec-
essarily recited both in the writ and the return.    The
proof justified the judgment of revivor ; no valid rea-
son was shown by the defendant to the contrary.

The judgment is affirmed.