# Roman *v.* Morgan.

## *Ejectment.*

(Decided June 8, 1909. Rehearing denied June 30, 1909.
50 South. 273.)

1. *Corporations; Default Judgment; Record.*—In order to sustain a default judgment against a corporation the record must show that the court ascertained by proof that the person served was an officer or agent of the corporation within the meaning of that term as defined by section 5303, Code 1907.

2. *Same; Jurisdiction; Service of Process; Presumption.*—Where the sheriff return on process against a corporation was in effect that he had served a copy thereof on one P. as president of the defendant corporation, and the decree recited that "it being made to appear to the court that a summons requiring the defendant corporation to appear, etc., was served upon it by the sheriff" it will be presumed that the court had jurisdiction of the corporation by a proper service under section 5203, Code 1907.

3. *Judgment; Regularity; Presumption; Collateral Attack.*—The judgment of a court of record of this state having general and superior jurisdiction is always presumed to be regular and valid and founded on jurisdiction duly acquired until the contrary definitely appears; such judgment is not open to collateral impeachment merely because the record fails to show the service of process by which the court acquires jurisdiction of the defendant.

APPEAL from Morgan Circuit Court.
Heard before Hon. D. W. SPEAKE.

·Ejectment by S. Roman as trustee against A. A. Morgan. From a judgment for defendant plaintiff appeals. Reversed and remanded.

BROWN & KYLE and SMITH & SMITH, for appellant. Where judgments of courts of general jurisdiction are drawn in question upon collateral attack every reasonable intendment will be indulged to support the jurisdiction of the court and the validity of the judgment.—*White v. Simpson,* 124 Ala. 241; *Weaver v. Brown,* 87 Ala. 537; *McHattan v. Rhodes,* 101 Am. St. Rep. 127; *Goodwin v. Sims,* 86 Ala. 102; *Cantelou v. Whitley,* 85 Ala. 248. Aside from this the corporation in effect appeared and consented that the sale of the land under the decree of the court might be confirmed. This was a waiver of all irregularities.—*Talladega I. Co. v. Woodward,* 44 Ala. 289. The return of the sheriff and the recital of the judgment entry afford reasonable presumption that the service was proper and that the court obtained jurisdiction. —*White v. Simpson, supra; Weaver v. Brown, supra; Roberson v. Allison,* 97 Ala. 596; *Wilson v. Wilson,* 18 Ala. 176; *Talladega I. Co. v. Woodward, supra.* The court rendering the judgment was one of general jurisdiction.—*State v. Fulton,* 44 Ala. 696; *Han v. Kelly,* 94 Am. Dec. 766 and note; *Galpin v. Paige,* 3 Saw. 93. The attack was a collateral attack.—*Hayes v. B. & L. Assn.,* 124 Ala. 663; *Monroe v. Arthur,* 126 Ala. 364.

S. J. GRIFFIN, and E. W. GODBEY, for appellee. The judgment by default against the corporation was void because it does not appear from the record that satisfactory proof of the service upon the proper agents was made.—*M. & C. R. R. Co. v. Whorley,* 74 Ala. 270; *Ex parte Nat. L. Mfg. Co.,* 146 Ala. 603; *Oxanna Bld. Assn. v. Agee,* 13 South. 280. The sheriff's return was

proof of nothing at all, except that he served a paper on a particular individual.—*Washington County v. Porter,* 128 Ala. 278. A valid personal judgment cannot be rendered without record evidence that the defendant had been notified by a proper officer in a legal way.—*Independent Pub Co. v. Am. Press Assn.,* 102 Ala. 275; *Hoffman v. Ala. B. & F. Co.,* 124 Ala. 542; *Boyett v. Frankfort Chair Co.,* 44 South. 547. The sheriff's return coupled with the decree was not sufficient.—Authorities supra, and *Galpin v. Paige,* 85 U. S. 350; *Manhattan F. I. Co. v. Fowler,* 76 Ala. 372. A court of general jurisdiction must follow established procedure before jurisdiction appears, or can be presumed.—*Goodman v. Winter,* 64 Ala. 431; *Edwards v. Levison,* 80 Ala. 450; *Gardner v. Bunn,* 7 L. R. A. 731; *Independent P. Co. v. Am. Assn, supra.* Nothing is presumed except what is shown by the record.—*Elliott v. Piersol,* 7 L. Ed. 170; *Barbour v. Morris,* 5 Am. St. Rep. 838; *Cheeley v. Clayton,* 28 L. Ed. 309; *Settlemeyer v. Sullivan,* 24 L. Ed. 1111. A void judgment will not support an appeal.—*M. & C. R. R. Co. v. Brannon,* 96 Ala. 461; *Cosler v. Driver,* 45 Ala. 233. The judgment being void for lack of service is invalid as evidence.—*Bruce v. Strickland,* 47 Ala. 195; *Williamson v. Berry,* 12 L. Ed. 1189; *Gardner v. Bond, supra; Woods v. Byron,* 44 Am. St. Rep 694. A void judgment is not admissible as evidence.—*Goodman v. Winter, supra; Weightman v. Parsons,* 20 Ala. 453.

SIMPSON, J.—This is a statutory action of ejectment, brought by the appellant against the appellee. The plaintiff traced title from the United States government to the "North Alabama Land & Immigration Company," a corporation, and offered, as a link in its title, a duly certified transcript of the record of the chancery court of Morgan County showing a decree against said

corporation for the sale of the lands involved in this suit, with the report of sale, a conveyance by the register to the appellant, and the confirmation by the court, and in connection therewith offered the deed from the register conveying the lands in accordance with said decree. The record showed a decree pro confesso against said corporation, and a final decree. Objection was made to the introduction of the transcript, on the ground that the decree pro confesso was void. The objection was sustained, and the transcript excluded.

The ground of objection is that the transcript does not show that process was properly served on said corporation. The return of the sheriff on the subpœna is in these words, to wit: "Executed by handing to the defendants, J. C. Cheney, and also a copy to Ignatius Pollak, as president of the North Alabama Land & Immigration Company, a copy of the within summons." The decree pro confesso states: "In this cause, it being made to appear to the court that a summons, requiring the defendant, the North Alabama Land & Immigration Company to appear and plead to or answer the bill of complaint in this cause within thirty days from the service of said summons upon it, was served upon it by the sheriff," etc. Our statute provides that, in suits against a corporation, "the summons may be executed by the delivery of the summons and complaint to the president, or other head thereof, secretary, cashier, station agent, or any other agent thereof."—Code 1907, § 5303. Our court held, at an early day, on writ of error by the corporation, that the sheriff's return of service on W. G. H., cashier, etc., did not show that said party was cashier, as "the official duties of the sheriff did not require him to certify in his return who was the cashier," and that the identity of said cashier should "be ascertained, as other facts are, by proof."—*Planters' & Merchants' Bank of Huntsville v. Walker*, Minor, 391.

[Roman v. Morgan.]

This case has been followed by a long line of cases holding, on appeal, "that a judgment by default against a corporation cannot be sustained by the sheriff's official return, or even the clerk's statement," stating "that the person upon whom such process was served occupied such a relation to the defendant corporation as to bring the defendant into court." etc.—*M. & C. R. R. Co. v. Whorley*, 74 Ala. 270, citing cases. These decisions require the record to show that the court ascertained by proof that the person served was the officer or agent of the corporation.—*Oxanna Bldg. Ass'n v. Agee*, 99 Ala. 571, 13 South. 279, and cases cited. This court later held that, where a judgment by default was rendered in a justice of the peace court without such proof, the circuit court on certiorari should vacate the judgment.— *Hoffman A. & Co. v. Ala. Distillery, etc., Co.*, 124 Ala. 543, 27 South. 485. The same point was decided on petition for a writ of certiorari to this court.—*Ex parte Nat. Lumber Mfg. Co.*, 146 Ala. 600, 41 South. 10. In the case of *Independent Publishing Co. v. Am. Press Ass'n*, 102 Ala. 475, 493, 495, 497, 15 South. 947, 954, 955, which was an appeal from a judgment of the circuit court dismissing a writ of certiorari to a justice of peace court, this court discussed the matter at considerable length, referring to previous decisions, and by a divided court held that, so long as the record did not show that there was any proof as to the character of the officer upon whom the service was had, the court was without jurisdiction, and the judgment should be quashed. The majority opinion argues to the point that, so long as the record stood that way, the judgment was void, but gives as a reason why certiorari was the proper remedy in that case that the defendant should not be put to his appeal from the judgment of the justice, thereby waiving the matter of jurisdiction, and in concluding says:

"There was no demurrer or objection for insufficiency, and no motion to dismiss or quash the writ as having been improvidently granted. No such question was before the court." Justice Head, who concurred with the Chief Justice in dissenting, says, among other things: "I understand the writ of certiorari is grantable as well when the court proceeded irregularly to judgment as when it is without jurisdiction. The case of *Boyett et al. v. Frankfort Chair Co.*, 152 Ala. 317, 44 South. 546, was an appeal from a final decree, based on a decree pro confesso rendered without proof that the person on whom service was had was the president of the corporation, and the decree pro confesso recited: "And it being made known to the register that the party upon whom service was made for the defendant corporation was such agent as shown by the sheriff's return at the time of such service." The sheriff's return was: "Executed by handing the defendant W. A. W., as president of said corporation." This court held that the judgment, being based on a void decree pro confesso, was error; the court saying: "There is a wide difference between having a thing made known and having legal proof made of the thing. The character of the person served might be made known to the register by the unsworn statement of some person."

It will be noted that all of the cases cited were on direct appeal, or certiorari, by the parties to the suit; and it may be well, at this point to advert to some of the recognized principles of the law with regard to collateral attacks on judgments of courts of record. It is a maxim: "Omnia præsumuntur rite et solemniter esse acta." "The judgment of a domestic court, having general and superior jurisdiction, is always to be presumed regular and valid, and founded upon jurisdiction properly and duly acquired, until the contrary is defi-

nitely made to appear in some permissible manner." "A judgment is not open to collateral impeachment merely because the record fails to show the service of the process by which the court acquired jurisdiction of the defendant." "Unless the record itself shows that the court never acquired jurisdiction of him, it will be conclusively presumed that the jurisdiction did attach." "If the record * * * recited that jurisdiction did in fact attach, its averments are final and conclusive in every collateral proceeding." Where the record recited that all of the parties had been duly summoned, although the name of one was omitted in the summons served by publication, "yet the judgment was sustained; the court indulging the presumption that there was adequate proof of service on that defendant, although it did not appear in the record." While "the recital of service may be contradicted by producing the original summons and return, * * * the contradiction must be explicit and irreconcilable."—1 Black on Judgments (2d Ed.) § 273.

An exception has been made where the service is "constructive," as by publication against a nonresident, though the same author states that the later decisions are that "such a rule is arbitrary and illogical." It is to these cases of constructive service, and cases where a special jurisdiction is conferred upon a court of general jurisdiction, thus rendering it pro hac vice a court of limited jurisdiction, that the cases cited in appellee's brief refer. The principal case of *Galpin v. Page*, 18 Wall, 350, 366, 21 L. Ed. 959, was a case involving constructive service on a nonresident infant. The remark quoted from that case merely shows that no presumption will be indulged to contradict the averments in the record as to service of process. The case of *Settlemier v. Sullivan*, 97 U. S. 444, 24 L. Ed. 1110, involved a service by delivering a copy to a member of the family when

the defendant could not be found, and the gist of the decision is that it was the duty of the sheriff, who made the service, to certify that fact on his return. It was not a matter to be ascertained by the court, and consequently the general statement in the judgment did not cure it. The case of *Cheely v. Clayton*, 110 U. S. 701, 4 Sup. Ct. 328, 28 L. Ed. 298, was also a case where constructive service on a nonresident was void for noncompliance with the requirements of the statute, and the court held that the recital of due service did not cure it. The case of *Barber v. Morris*, 37 Minn. 194, 33 N. W. 559, 5 Am. St. Rep. 836, was also a case where the requirements of the statute in regard to constructive service on a nonresident were not complied with, and the record showed distinctly that the statute had not been complied with, and the mere recital of the summons having been duly served could not cure it. That was not a matter to be ascertained by the court, but a matter to be shown by the filing of the affidavit. The case of *Clark v. Thompson*, 47 Ill. 25, 95 Am. Dec. 457, involved special statutory provisions requiring service, in certain ways in order to sell lands of a decedent. The record showed noncompliance with the statute, and there was no recital in the record to show any service. In the case of *Mickel v. Hicks*, 19 Kan. 578, 27 Am. Rep. 161, the statute required, in proceedings to sell the real estate of a decedent, that the court should make an order for the persons interested to appear at the next term of the court, and that there should be publication for 6 weeks. The court made an order for them to appear "at this term," and set a day for the hearing within less than 60 days. Notwithstanding this glaring and positive violation of the statute, Justice Brewer (now of the United States Supreme Court) said: "The writer of this opinion is inclined to regard with favor the first of the above

line of arguments and to consider the order of sale as beyond successful attack"—while the majority of the court held that the recital in the record, "after due" notice, did not override the positive statement in the record of what the notice was.

In the case now under consideration it will be noticed that it does not involve a question of constructive service on a nonresident, nor of special statutory proceedings. On the contrary, it is a case pertaining to the general jurisdiction of the court. Nor does it involve any contradiction of any part of the record or of the sheriff's return. The sheriff made all the return which he was required to make. It was not his duty to state that the person served was an officer of the corporation, and if he had so stated it would not have had any probative force. That was a matter to be ascertained by the court, and the decree recites that "it being made to appear to the court that a summons requiring the defendant the North Alabama Land & Immigration Company * * * was served upon it." As stated by counsel for the appellee, service upon it could not be made, except by service upon its officer. Consequently this expression means service upon a proper officer of the corporation. "Although the word 'appear' has reference, in one sense, to that which is seen by the eye, we have no doubt that it was intended to be used in its broader sense, and signifying that which is obvious, or known, or clear, or made clear, by evidence or reasoning, and that it comprehends all the cases in which it shall be satisfactorily known or shown to the court that," etc. "The word 'appear," or 'appearing,' is one of frequent use in judicial proceedings (and is sometimes used in statutes referring to them) as meaning 'clear to the comprehension, when applied to matters of opinion or reasoning, and 'satisfactorily or legally known, or made

known,' when used in reference to facts or evidence."
—*Gorham v. Luckett*, 6 B. Mon. (Ky.)165.  We hold
that the presumption of law is that the court had juris-
diction of said corporation by a proper service, and that
the transcript and deed should have been admitted.—
*Hunt's Heirs v. Ellison's Heirs*, 32 Ala. 173, 209, 210,
215.

The judgment of the court is reversed, and the cause
remanded.

Reversed and remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., con-
cur.