[American Bonding Co. of Balt. v. New York & Mexican Whiting Co.]

holding, quoted in appellant's application for rehearing from the case of *Curtice v. London City & Midland Bank* (British Ruling Cases, 417), as is too clear from such quotation itself to need comment, to wit:

"Though a telegram countermanding a check may reasonably be acted on by a banker, at least to the extent of postponing the honoring of the check until further inquiry can be made, yet a banker is not bound to accept an unauthenticated telegram as sufficient authority for the serious step of refusing payment."

Such is not this case at all.

# American Bonding Co. of Baltimore *v.* New York & Mexican Whiting Co.

*Damages for Injury to Loading Platform.*

(Decided December 15, 1914.    66 South. 847.)

1. *Judgment; Requisites; Jurisdiction of Person.*—The court must have acquired jurisdiction of the person of defendant by due service of process, or by general appearance, to sustain its jurisdiction to render a personal judgment.

2. *Same; Issues; Complaint.*—The complaint must state a substantial cause of action giving the court jurisdiction of the subject matter, and the judgment must be responsive to the complaint to sustain the jurisdiction of the court to render a personal judgment.

3. *Same; Default; Record; Process.*—To authorize the rendition of a judgment by default against a corporation, the record must show that proof was made to the court that the person served was an officer or agent of the corporation upon whom process could be legally served.    (Section 5303, Code 1907.)

4. *Same; Return; Descriptio Personae.*—Under section 5303, Code 1907, it is not a part of the sheriff's duty to certify in his return the relation to the corporation of the person upon whom he served process, and regardless of what the return states in that respect, proof must be submitted to the court as required by said section to support a judgment by default; hence, a return showing service upon a named person, designated in the return as one of the firm of W. K. P. W. & Son, agents for the American Bonding Company, Baltimore City, a corporation, such return, though merely descriptio personae and surplusage, did not require the setting aside of the

[American Bonding Co. of Balt. v. New York & Mexican Whiting Co.]

judgment, where the matter embraced therein was satisfactorily proven to the court by extrinsic evidence.

5. *Same; Default; Vacating or Setting Aside.*—Under section 4143, Code 1907, where there is a complaint stating a substantial cause of action and a judgment responsive thereto, a defendant cannot complain of errors or defects in the complaint which could be properly pointed out by demurrers; and this is true notwithstanding the complaint might have been subject to the objections of a misjoinder of causes of action in one and the same count, since the court adopts a liberal construction and if by treating all amendable defects as amended, a substantial cause of action remains, the judgment is sustained.

6. *Same; Conformity to Pleading.*—Where the action was against the deputy harbor master, the surety company on his official bond, and a towing company furnishing the motive power, a complaint in two counts alleging that the deputy did not faithfully perform his duty, but was negligent and careless therein, in such sense as to allow a vessel to be driven against a pier, and to destroy plaintiff's elevated, unloading platform on the pier for its use, and that the engineer and crew of the tugboat negligently and carelessly operated it, so that the vessel was driven against the pier, with an added count charging gross carelessness and negligence, stated a cause of action sufficient to support a default judgment.

7. *Actions; Single Cause.*—It was no objection to the complaint in this case that it ascribed the injuries suffered to concurring breaches of duty by different persons, having the effect to produce but a single cause of action, since such concurring negligence might be charged in one and same count of the complaint.

8. *Officers; Of State; Official Bond; Statutes.*—Under sections 4906-4910, and 4915, Code 1907, the harbor master and his deputy are officers of the state upon whom it has imposed the duties in the exercise of its police powers to carry into effect the state's policy as to the protection of commerce in the harbor so as to render his bond an official bond within section 1500, Code 1907.

9. *Same; Construction.*—Under section 1500, Code 1907, it is immaterial that an official bond is not in the form prescribed by the statute, for if it is tendered and accepted as an official bond, the courts will read into it the provisions prescribed by law, and give it the form and effect of an official bond, regardless of its contents.

10. *Same.*—Under section 1500, Code 1907, a person aggrieved by an officer's failure to perform or by his negligent performance of the duties imposed by law, may sue in his own name.

11. *Pleadings; Construction After Judgment.*—In determining whether a complaint states a substantial cause of action against a principal and his surety on an official bond sufficient to support a judgment by default, the court will construe the averment in connection with the Code provisions as to forms and conditions of official bonds, resolving all doubts and intendments, in favor of, rather than against the sufficiency of the complaint.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

·Action by the New York & Mexican Whiting Company against the Mobile Towing & Wrecking Company, and O. B. Lyons, and the American Bonding Company of Baltimore City. Judgment by default, and Lyons and the Bonding Company appeal. Affirmed.

The action is for damages to a certain loading platform belonging to plaintiff by striking it with a vessel, which was berthed at Mobile, Ala., between two certain piers or wharves, and that the Mobile Towing & Wrecking Company furnished the tug and crew which shifted the vessel from its said berth; that Lyons was deputy harbor master for the port of Mobile, and superintended the shifting of said vessel; that under section 4909, Code 1907, he filed his official bond with the American Bonding Company of Baltimore as sureties. The complaint then proceeds to.seek damages for certain dereliction of duty of said Lyons, and of the tug and crew furnished by the other defendant by which the pier of plaintiff was damaged, and also an elevated unloading platform belonging to plaintiff. The judgment recites as follows:

This day came plaintiff by its attorneys, and it being proven to the court that service was had on defendant the American Bonding Company of Baltimore City, a corporation, by service on Beverly R. Wilson, one of the firm of W. K. P. Wilson & Son, as agents of the defendant the American Bonding Company of Baltimore City, a corporation, and that said Beverly R. Wilson, was a member of the firm of W. K. P. Wilson & Son, and also that W. K. P. Wilson & Son were the agents of the defendant the American Bonding Company of Baltimore City, a corporation, at the time of the service of the complaint and summons in this cause on said Beverly R. Wilson, and it being further proven to the court that service was had in this cause on Harry T.

Hartwell, as the secretary of defendant Mobile Towing & Wrecking Company, a corporation, and that said Harry T. Hartwell was the secretary of the defendant Mobile Towing & Wrecking Company, a corporation, at the time of the service on him of the complaint and summons in this cause; and all defendants being called but coming not and failing to appear, plead, or otherwise answer plaintiff's complaint, and being wholly in default, and no trial by jury having been demanded by plaintiff this cause is tried by the court without the intervention of a jury, and the court, after hearing the evidence, renders judgment for plaintiff against defendant for the sum of $250.

The sheriff's return is as follows:

Received June 6, 1913, and on June 7, 1913, I served copies of within complaint and summons on B. R. Wilson, one of the firm of W. K. P. Wilson & Son, agents for the American Bonding Company of Baltimore City, a corproation, and on Harry T. Hartwell, secretary of the Mobile Towing & Wrecking Company, a corporation, and on June 9, 1913, I served a copy of the within complaint and summons on O. B. Lyons.

STEVENS, McCORVEY & DEAN, for appellant. The court erred in rendering judgment by default against the bonding company, as a default only admits matters well pleaded, and such judgment will be reversed if not based on a substantial cause of action.—*Ex parte Allen,* 166 Ala. 114; *L. & N. v. Williams,* 113 Ala. 405; *Thomas v. State,* 58 Ala. 369; *Wade v. Judge,* 5 Ala. 130. Both counts of the complaint sound in tort as against the towing company and Lyons while as against the bonding company they are based on the bond of said company and are in contract.—*Higdon v. Kennemar,* 120 Ala. 197; *Gurley v. McAnally,* 109 Ala. 361; *McKenzie v.*

*Gibson,* 73 Ala. 204, *Munter, et al. v. Rogers,* 50 Ala. 290; *Copeland v. Flowers,* 21 Ala. 473. The acts of default or negligence complained of were separate and independent, and not joint or in concert.—*L. & N. v. Fitzgerald,* 161 Ala. 405; *Powell, et al. v. Thompson,* 80 Ala. 51; *LeGrand v. McKenzie,* 110 Ala. 493; *Clement v. A. G. S.,* 127 Ala. 171; *Hackney v. Perry,* 152 Ala. 626. The American Bonding Co. has not been brought into court by valid service.—*Lowery v. Daniel,* 98 Ala. 452; *Hoffman, et al. v. Alabama D. & F. Co.,* 124 Ala. 542; *Lucas v. Pittman,* 94 Ala. 616; *Sullivan v. Sullivan T. Co.,* 103 Ala. 375. It is not shown that Lyons was acting within the line and scope of his employment as deputy Harbor Master.—*Thomas v. State, supra.*

YERGER & FOSTER, for appellee. In order to sustain a judgment by default, the complaint is sufficient if it states a substantial cause of action.—*Ritter v. Hoy,* 1 Ala. App. 643; *Walker v. Mobile, etc., Insurance Co.,* 31 Ala. 529. No defects or errors of pleading in the complaint, such as misjoinder of parties or causes of action, duplicity in pleading, etc., can be objected to for the first time on appeal, but all such defects or errors of pleading are waived by the default judgment, or unless properly made in the trial court.—*Atlantic Coast Line Ry. Co. v. Jones,* 9 Ala. App. 499; *Merritt v. Wyatt,* 63 South. 962; *Cooper v. Slaughter,* 175 Ala. 213; *R. & D. Railroad v. Jones,* 102 Ala. 215. There can be no question on the record that appellant was served with valid process; and what is now said with reference to service on appellant, applies with equal force to service on the Mobile Towing & Wreckage Company.—*The Planters & Merchants Bank of Huntsville v. Walker,* Minor, 391; *Manhattan Fire Insurance Co. v. Fowler & Co.,* 76 Ala. 372; *Oxanna B. Ass'n v. Agee,*

99 Ala. 571; *Hoffman & Co. v. Ala. D. & F. Co.*, 124 Ala. 542; *Roman v. Morgan*, 162 Ala. 133. The strict rule of construction which applies against the pleader, is, on appeal from a default judgment, changed in favor of the pleader, and all doubts are resolved in his favor, and every reasonable intendment, both on the pleading and the evidence, is indulged to uphold the complaint and the judgment thereon.—*Atlantic Coast Line v. Jones*, 9 Ala. App. 499; *Werten v. K. B. Koosa & Co.*, 169 Ala. 258. The negligence of defendant Lyons and of the Mobile Towing & Wrecking Company is conjunctively charged in the complaint as the combined and concurring negligence of these defendants, in bringing about the damage complained of.—Code sections 4909 and 4910; *K. C. M. & B. Railroad Co. v. Burton*, 97 Ala. 240; *Hackney v. Perry*, 152 Ala. 635; *Sloss-Sheffield S. & I. Co. v. Smith*, 166 Ala. 445. The courts take judicial knowledge of public laws(*Padgett v. State*, 157 Ala. 20), and the allegations of the complaint as construed in connection with Code sections 4907, 4909 and 4910, show clearly, (1) that O. B. Lyons owed a duty which he failed to perform; (2) that he was acting within the line and scope of his employment as deputy harbor master; (3) that the duty rested upon him by virtue of his office of superintending the shifting of the vessel, and that he failed in the performance of said duty of superintending the shifting of the vessel, and (4) that the condition of the bond for the faithful performance of his duty in superintending the shifting of said vessel, was the condition of the bond which was breached.

BROWN, J.—On appeal in a civil action, to sustain the jurisdiction of a trial court to render a personal judgment, two things are essential: (1) The court must have acquired jurisdiction of the person of the

defendant by due service of process or by general appearance; (2) the complaint must state a substantial cause of action conferring on the court jurisdiction of the subject-matter, and the judgment must be responsive to the complaint.—*Sweeney v. Tritsch,* 151 Ala. 242, 44 South. 184; *Kirkland v. Pilcher,* 174 Ala. 170, 57 South. 46.

This appeal is prosecuted by the American Bonding Company of Baltimore City from a judgment by default against the Mobile Towing & Wrecking Company, O. B. Lyons, and the appellant; and by the only assignment of error in the record it insists that neither of these two prerequisites to the jurisdiction of the trial court is shown by the record.

The suit was commenced on the 6th day of June, 1913, by the issuance of a summons and complaint, and the sheriff's return thereon is as follows: "Received June 6th, 1913, & on June 7th, 1913, I served copies of within complaint & summons on B. R. Wilson, one of firm of W. K. P. Wilson & Son agents the American Bonding Company of Baltimore City, a corporation, & on Harry T. Hartwell, secretary Mobile Towing & Wrecking Company, a corporation & on June 9th, 1913, I served a copy of within complaint & summons on O. B. Lyons."

The judgment entry contains the following: "This day came the plaintiff by its attorneys, and it being proven to the court that service was had on the defendant the American Bonding Company of Baltimore City, a corporation, by service on Beverly R. Wilson, one of the firm of W. K. P. Wilson & Son, as agents of the defendant the American Bonding Company of Baltimore City, a corporation, and that said Beverly R. Wilson was a member of the firm of W. K. P. Wilson & Son and also that W. K. P. Wilson and Son were the agents of the defendant the American Bonding Company of

Baltimore City, a corporation, at the time of the service of the complaint and summons in this cause on said Beverly R. Wilson."

The appellant does not question the sufficiency of the recitals in the judgment showing that proof was made as to the agency of W. K. P. Wilson & Son, and that Beveraly R. Wilson, upon whom service of process was made, was a member of that firm and an agent of the appellant; nor is there any question as to the sufficiency of the evidence to that end; but appellant insists that the sheriff's return itself is not sufficient to authorize proof to be made that said Beverly R. Wilson was such agent. Appellant states its contention in brief as follows:

"The sheriff's return on the summons and complaint in this cause states that service was had on B. R. Wilson, one of firm of W. K. P. Wilson & Son agents the American Bonding Company of Baltimore City, a corporation and on Harry T. Hartwell, etc. There is no comma between the words 'agents' and the American Bonding Company, nor does the word 'of' appear immediately after 'agents,' nor does the word 'as' appear immediately before 'agents' and after 'W. K. P. Wilson & Son.' Under this status, we insist that service was only had on Mr. B. R. Wilson, and that the words following 'W. K. P. Wilson & Son agents the American Bonding Company of Baltimore City, a corporation,' are mere descriptio personæ."

Section 5303 of the Code of 1907 provides: "When the suit is against a corporation the summons may be executed by the delivery of a copy of the summons and complaint to the president or other head thereof, secretary, cashier, station agent, or any other agent thereof."

It has long been the settled rule in this state that, to authorize the rendition of judgment by default against a corporation, the record must show that proof was made to the court that the person on whom the process was served was, at the time of the service, an officer or agent of the defendant upon whom process could be legally served.—*Roman v. Morgan,* 162 Ala. 133, 50 South. 273; *Planters' & Merchants' Bank of Huntsville v. Walker,* Minor, 391; *Hoffman, Ahlers & Co. v. Ala. D. & F. Co.,* 124 Ala. 542, 27 South. 485; *Manhattan Fire Ins. Co. v. Fowler,* 76 Ala. 372; *Oxanna Bldg. Ass'n v. Agee,* 99 Ala. 571, 13 South. 279. And likewise it is no part of the official duty of the sheriff to certify in his return the relation the person upon whom he makes service of process sustains to the corporation. No matter what the return states in this respect, the return of the sheriff standing alone will not support a judgment by default.—*Planters' & Merchants' Bank of Huntsville v. Walker, supra; Roman v. Morgan, supra; Lyon v. Lorant & Krebs,* 3 Ala. 151; *W. & C. R. R. Co. v. Cole,* 6 Ala. 655; *Oxford Iron Co. v. Spradley,* 42 Ala. 24; *Independent Pub. Co. v. American Press Association,* 102 Ala. 475, 15 South. 947. It being no part of the sheriff's official duty to make this statement, we grant the contention of the appellant that the statement in the sheriff's return immediately following the name of B. R. Wilson, to wit, "one of firm of W. K. P. Wilson & Son agents the American Bonding Company of Baltimore City, a corporation," is merely descriptio personæ. —*Hoffman, Ahlers & Co. v. Ala. D. & F. Co.,* 124 Ala. 542, 27 South. 485. In other words, this statement in the sheriff's return is merely surplusage, and adds no force to the return. It does not follow, however, that the judgment of the law and equity court must be reversed. It is not the duty of the sheriff to state in his

return, but of the court, before the rendition of the judgment, to require proof to be made, that the person named in the sheriff's return was, at the time of such service, an agent of the corporation upon whom service could be legally made, and the record in this case shows that such proof was made.—*Roman v. Morgan, supra; Planters' & Merchants' Bank of Huntsville v. Walker,* Minor, 391; *Boyett v. Frankfort Chair Co.,* 152 Ala. 317, 44 South. 546.

Section 4143 of the Code of 1907 provides: "No judgment can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contain a substantial cause of action."

If the complaint in this case contained a substantial cause of action, and the judgment of the court is responsive to the complaint, the appellant cannot complain of errors or defects in the complaint which would have subjected it to demurrer.—*Stewart v. Goode, et al.,* 29 Ala. 476; *Kyle v. Caravello,* 103 Ala. 153, 15 South. 527; *Walker v. Mobile Marine D. & Mutual Ins. Co.,* 31 Ala. 530; *Harris v. Plant & Co.,* 31 Ala. 644; *Childress, et al. v. Mann & Co.,* 33 Ala. 207; *Mahoney v. O'Leary,* 34 Ala. 101; *Foster v. State,* 39 Ala. 239; *Douglas v. Beasley,* 40 Ala. 143; *Martin v. Rushton,* 42 Ala. 292; *Watson v. Knight,* 44 Ala. 354; *Leach, et al. v. Bush,* 57 Ala. 153. And this is true, notwithstanding the complaint might have been subject to the objection of a misjoinder of causes of action in one and the same count.—*Walker v. Mobile M. D. & M. Ins. Co.,* 31 Ala. 529; *Phillips v. Sellers,* 42 Ala. 661; *Whilden & Sons v. Merchants' & Planters' Nat. Bank,* 64 Ala. 27, 38 Am. Rep. 1. In other words, the court in construing the averments of the complaint in this case must adopt a liberal construction, and if by treating all amendable defects as amended it appears from the facts stated,

whether well or illy pleaded, a substantial cause of action is stated, then it is sufficient to sustain the judgment.

Chapter 114, art. 1, of the Code of 1907, dealing with the duties of harbor masters and port wardens of Mobile, provides for their election, qualifications, powers, and duties, and requires them to keep an office in the city of Mobile and there make and preserve a full record of their official acts and dockets of their official fees, showing their amounts, and from what vessels or persons collected, on what account, and at what time; and requiring the harbor master to keep such office open daily, except Sunday, and to remain in his office except when engaged elsewhere in the performance of his duties. Such records are at all times open to public inspection, free of charge.

Section 4906 specially prescribes the duty of harbor masters as follows: "The harbor master shall, on the request of the owner, master, or consignee of any vessel arriving within the limits stated in this article, regulate and station such vessel, and may from time to time remove any such as are not employed or immediately about to be employed in receiving or discharging cargo or ballast, if necessary to make room for such other vessels as may require immediate accommodation for receiving or discharging ballast or cargo. He shall not interfere with the selection by the master, owner, agent, or consignee of a vessel of a wharf, bulkhead or shore berth for the discharge or receipt of cargo or ballast where such wharves, bulkheads or shore berths so selected are erected within the limits and in the manner of construction fixed by the Mobile river commission, or station such vessel at other berths than the one so selected by the master, agent, owner, or consignee, unless the person or authority controlling such select-

ed wharf prohibits its use for such purpose by the vessel. He may require persons in charge of vessels, made fast to a wharf or the shore, or lying in the stream, to adjust their spars so that they will not interfere with other vessels, or project over a street. He has authority to determine how far and when persons in charge of vessels shall accommodate each other in their station, but shall not have authority or power to prohibit vessels from receiving or discharging cargo while lying moored in the Mobile river, if they be so moored as not to unduly interfere with navigation, or with each other. But in case no request is made within a reasonable time by the owner, master, agent, or consignee, the harbor master shall have authority to locate vessels at proper places. The harbor master shall allow vessels to load in the stream above One Mile creek, but shall have power to place such vessels so as to avoid undue interference with navigation and with such others while taking on cargo, lying at anchor. He shall not require vessels taking berths above One Mile creek to occupy or make fast to shore berths against the wish of the officer or master controlling the vessel. It shall be the duty of the harbor master to cause to be printed from time to time and to keep posted in his office, and in all ship-candlers' and ship-brokers' offices, in the chamber of commerce, and in the cotton exchange, the laws and rules governing him and the harbor and river of Mobile. In case of sickness or temporary absence, the harbor master may appoint by writing in his stead, pro-tempore, one of the other wardens, who, while so acting, shall have all the powers of harbor master; but no such absence, except in case of sickness, shall extend beyond one week at any one time, unless leave therefor be first given him by the officers who are charged with the appointment."

Section 4907 provides for the election by the same persons authorized to elect the harbor master, of two deputy harbor masters, who shall hold office for· two years, or until their successors are elected and qualified, and provides that: "Each of said harbor masters shall be a regularly licensed pilot or ship master under the laws of the United States."

Section 4908 provides for the examination as to the qualifications of candidates for election to the office of deputy harbor master before their election. Section 4909 is as follows: "Such deputy harbor masters, before entering on the duties of their office, shall give bond in the sum of one thousand dollars, for the faithful performance of their duties, to be taken and approved by and filed with the judge of probate for Mobile county, who shall at the same time administer to them an oath to faithfully perform all the duties required of them by law as such deputy harbor masters."

Section 4910 provides: "Said deputy harbor masters shall, when not engaged in shifting and mooring vessels, be at the office of the harbor master, Sundays excepted, from seven o'clock a. m. to six p. m., for the purpose of attending to the shifting and mooring of vessels, and from the time such vessels are anchored by the pilot bringing her up until she is again taken in charge by a pilot to go down to bay or to sea, one of said deputy harbor masters, and no other person, shall superintend the shifting of said vessel from berth to berth or to the mooring of her in any other place than that where she was anchored by the pilot bringing her up. During office hours the deputy harbor masters shall not engage in any other occupation save the duties herein prescribed, and when called on to do so, shall moor or shift vessels at any reasonable hours before or after said office hours."

Section 4915 provides: "Any person in charge of a vessel, who resist or opposes the harbor master, or deputy harbor master, or acting harbor master, in the lawful execution of his duties, shall be fined by the mayor of Mobile not exceeding fifty dollars, to be collected, enforced, and applied as fines for violations of municipal ordinances of that city."

In short, this chapter of the Code provides a complete scheme for the handling, mooring, and shifting of vessels in the harbor, the handling of their cargoes, and the protection of the harbor and property therein located. The harbor master and his deputies are officers of the state, upon whom it has imposed the enumerated duties, in the exercise of its police power, to carry into effect the state's policy with reference to the protection of commerce in the harbor of Mobile.—*State, ex rel. Robertson v. McGough,* 118 Ala. 164, 24 South. 395; *Montgomery v. State,* 107 Ala. 372, 18 South. 157; *Ex parte Martin, et al.,* 180 Ala. 620, 61 South. 905.

The bond required by section 4909 of the Code is therefore in every sense an official bond, and within the provisions of section 1500 of the Code, and is obligatory on the principal and sureties thereon: "(1) For every breach of the condition during the time the officer continues in office, or discharges any of the duties thereof. (2) For the faithful discharge of any duties which may be required of such officer by any law passed subsequently to the execution of such bond, although no such condition is expressed therein. (3) For the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office as by his failure to perform, or the improper or neglectful performance of those duties imposed by law."

The statute prescribes the form and conditions of official bonds, and it is immaterial that such bond is not

in the form prescribed by the statute. If it is tendered and accepted as an official bond, the court will read into it the provisions prescribed by law and give it the form and effect of an official bond, regardless of its contents. — *S. F. & G. Co. v. Union Trust Co.*, 142 Ala. 532, 38 South. 177; Code, §§ 1501, 1502, 1503; *Ex parte Martin, supra; Mobile County v. Williams, Judge, etc.*, 180 Ala. 639, 61 South. 963.

The complaint in this case contains two counts, and, as we construe it, is an action of trespass on the case against O. B. Lyons, as deputy harbor master, the appellant (the American Bonding Company of Baltimore City) as the surety on the official bond of said Lyons, and the Mobile Towing & Wrecking Company, for negligently causing or allowing the steamship Kylestrome to be driven violently against Pier No. 7 with resultant injury to the plaintiff in knocking down and destroying an elevated unloading platform constructed thereon by plaintiff for its use in connection with its business, while said vessel was being shifted from her berth in the harbor to another point therein under the supervision and superintendence of said Lyons as deputy harbor master; the said Mobile Towing & Wrecking Company merely furnishing the tug and crew for the movement of the vessel under the supervision and superintendence of said Lyons as such deputy harbor master. The gravamen of the complaint is the negligence of Lyons concurring with the servants of the Mobile Towing & Wrecking Company, in the movement of the vessel, and is thus stated in the first count of the complaint:

"That the defendant O. B. Lyons did not faithfully perform his duty as such deputy harbor master in superintending said shifting of said vessel, but was so careless and negligent in the discharge of said duty in

superintending said shifting of said vessel, as to cause or permit said vessel to be driven against Pier No. 7 in such manner that it violently knocked down and destroyed the elevated unloading platform constructed by plaintiff on said pier for its use in connection with its whiting plant on said pier; that the crew or engineer in charge of said tug so negligently and carelessly operated the same, in said shifting of said vessel, as to drive said vessel or permit it to be driven against said Pier No. 7 in such manner that it violently knocked down and destroyed the elevated unloading platform," etc.

The second count is the same as the first, except that it uses the term "grossly careless and negligent," instead of the terms "careless and negligent," used in the first count; but, as we construe them, each of these counts charges simple negligence on the part of the deputy harbor master and the Mobile Towing & Wrecking Company in the movement of the vessel.—*L. & N. R. R. Co. v. Orr*, 121 Ala. 489, 26 South. 35.

It is no objection to a complaint that it ascribes the injury suffered to concurrent coalescing breaches of duty by different persons, which have the effect to produce but a single cause of action.—*L. & N. R. R. Co. v. Fitzgerald*, 161 Ala. 405, 48 South. 860. It is but one tort committed by the concurring negligence of the joint tort-feasors, and such concurring negligence may be charged in one and the same count of the complaint.

Whatever may be the rule apart from the statute declaring the effect of an official bond, there can be no doubt that under its influence the sureties on the official bond are liable in an action of trespass or trespass on the case for the officer's negligent performance of his official duties and for wrongful acts committed under color of his office or "by his failure to perform, or the

improper or neglectful performance of those duties imposed by law."—Code, § 1500; *Albright v. Mills,* 86 Ala. 326, 5 South. 591; *Burgin v. Raplee,* 100 Ala. 434, 14 South.. 205. And the person aggrieved may sue in his own name.—Code, § 2473; *Hudgins v. Pickens County,* 10 Ala. App. 377, 64 South. 472; *Duffin v. Summerville,* 9 Ala. App. 574, 63 South. 816.

When the averments of the complaint are construed in connection with the sections of the Code prescribing the form and conditions of official bonds, resolving all doubt and intendments in favor of, rather than against, the sufficiency of the complaint, as we must do, when the attack is general upon the judgment, as in this case, the complaint states a substantial cause of action sufficient to support the judgment.—*Werten v. K. B. Koosa Co.,* 169 Ala. 263, 53 South. 98; *Atlantic Coast Line Ry. Co. v. Jones,* 9 Ala. App. 499, 63 South. 693; *Smith v. Dick,* 95 Ala. 312, 10 South. 845; *Ritch v. Thornton,* 65 Ala. 309; *U. S. F. & G. Co. v. Union Trust Co.,* 142 Ala. 532, 38 South. 177; *Albright v. Mills,* 86 Ala. 326, 5 South. 591; *Ex parte Martin,* 180 Ala. 620, 61 South. 905.

These holdings necessarily result in the affirmance of the judgment appealed from.

Affirmed.