(121 So. 412)

## PALATINE INS. CO. v. HILL et al.

### Ex parte PALATINE INS. CO.

### (4 Div. 398, 401.)

Supreme Court of Alabama.   Jan. 17, 1929.

Rehearing Denied March 28, 1929.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

124

Farmer, Merrill & Farmer, of Dothan, for appellees.

FOSTER, J. This was an action at law. Judgment by default was rendered against appellant, a corporation, upon a sheriff's return as follows: "Executed this the 13th day of December, 1926, by leaving a copy of the within summons and complaint with E. M. Hightower as agent of the Palatine Insurance Company, Limited of London, England, defendant." Defendant appeals from this judgment, and insists that there was not sufficient return of service to justify a judgment by default. The judgment entry contains the following statement: "And it appearing to the court that the defendant has been duly served with copy of the summons and complaint in this cause," etc.

Section 9421 of the Code authorizes a summons to a corporation to be executed by the delivery of a copy thereof to the "president, or other head thereof, secretary, cashier, station agent or any other agent thereof." Such were the terms of section 5303 of the Code of 1907. By amendment of that section, enacted in 1915, an additional clause has been added, which is in effect that if the return shows that the officer or agent so served is such officer or agent, the return will be prima facie evidence thereof, and will support a judgment by default, without additional proof. The return in the instant case is not sufficient in its recitals to be treated as a statement of the fact of agency. Such has been held by this court in Farmers' State Bank v. Inman, 208 Ala. 281, 94 So. 105. The statute, as above pointed out, authorizes service upon an agent. It is not improper, therefore, in fact quite necessary, to show the name of the agent. When service is shown in the return to be upon an agent as such of defendant corporation, it is sufficient as a return. But with such a return, proof of the agency is necessary, for it does not state as a fact, or necessary inference, that he is an agent. In the case of Manhattan Fire Ins. Co. v. Fowler, 76 Ala. 372, the return was on "Ed Warren, agent of the Manhattan Ins. Co." It was held that the return with proof of the agency was sufficient. In the case of Wetumpka & C. R. R. Co. v. Cole, 6 Ala. 655, the service as shown on the return was on John Duncan, as president of the corporation. This return was not held insufficient, but *proof that he was such* officer was necessary. To the same effect are Independent Pub. Co. v. Am. Press Ass'n, 102 Ala. 475, 15 So. 947, and Roman v. Morgan, 162 Ala. 133, 50 So. 273.

In the case of Roman v. Morgan, supra, the return under consideration showed service on "Ignatius Pollak as president of" the corporation. The judgment recited: "It being made to appear to the court that a summons requiring the defendant, the N. A. L. & I. Co. to appear and plead to or answer the bill of complaint in this cause within thirty days from the service of said summons upon it, was served upon it by the sheriff," etc. The question there was raised on collateral attack, and the presumption of the jurisdiction of the person prevailed on such attack. On direct attack, it was recognized that the record must show that *proof* was made to the court that the person on whom the process was served was at that time an officer or agent (unless now the return of the sheriff makes a statement to that effect). Oxanna v. Agee, 99 Ala. 571, 13 So. 279; Boyett v. Frankfort Chair Co., 152 Ala. 317, 44 So. 546; Sawyer v Edwards, 200 Ala. 26, 75 So. 338.

From the foregoing discussion, it fol-

lows that the return was sufficient as such; but it did not state that the agent named was such agent when served, and the judgment did not show that proof of agency was made to the court, and was erroneous at the time the appeal was taken.

The judgment was rendered by default on March 2, 1927. An appeal was taken April 19, 1927. Motion was made by plaintiff on April 28, 1927 (joined in by the sheriff and his deputy who made the return, and also the sheriff in office when the motion was made) to permit an amendment of the return to be made so that it would recite that the person on whom the summons and complaint was served was the agent of the defendant at the time of such service. A bill of exceptions shows the proceedings on the motion. The proof without conflict showed that E. M. Hightower, the person named in the return as agent of defendant, was in fact such agent on the date of service as shown by the return, and that on such date the deputy sheriff served him with a copy of the summons and complaint; that said agent immediately sent same to the general agents of the defendant; that on the date of the return M. Tatum was sheriff, and H. C. Adams was his deputy, who served the process; that at the time the motion was made and heard the term of office of said Tatum had expired; and that he and his deputy are willing and offer to amend the return as prayed for in the motion, the court granted the motion and made an order permitting M. Tatum (former sheriff) to amend his return, in effect, to show that E. M. Hightower, on whom the return showed the summons and complaint was served, was the agent of defendant on the date of the service. Defendant excepted to this order of the court. Thereupon an amended return in accordance with said order was made over the signature of "M. Tatum, Sheriff, by H. C. Adams, D. S.," as of the date of December 13, 1926, the date of the original return. All of such proceedings, having occurred prior to the preparation of the transcript to this court, are included and duly certified here. Appellant has presented a petition for mandamus to the presiding judge commanding a vacation of such order allowing the amendment. The judge has appeared and contests the right to mandamus.

■ The general rule has been well established in this court and elsewhere that, pending an appeal, a sheriff's return may be amended by him with the court's permission, and that such amended return will relate back to its original date, and, if sufficient, will sustain the judgment on the appeal which had been taken prior to the amendment. Hefflin v. McMinn, 2 Stew. 492, 20 Am. Dec. 58; Cullum v. Batre, 2 Ala. 415; Ware v. Brewer, 34 Ala. 114; Myers v. Conway, 90 Ala. 109, 7 So. 639; Seymour v. Thomas, etc., Co., 81 Ala. 250, 1 So. 45; 21 R. C. L. 1331; Phillips v. State, 162 Ala. 14, 50 So. 194;

Wade v. Wade, 92 Or. 642, 176 P. 192, 178 P. 799, 182 P. 136, 7 A. L. R. 1143.

Appellant contends that the right does not exist in a former sheriff as to a return made by a deputy. The case of Knapp v. Wallace, 50 Or. 348, 92 P. 1054, 126 Am. St. Rep. 742, is cited to support this contention. In that case such an amendment was attempted by the ex-sheriff, not participated in by the deputy so far as the record shows. It is said the amendment can only be made "by the *officer* who served the process *or in accordance with memoranda made by him.* * * * The ex-sheriff * * * cannot be presumed to know what was done by his deputy in making a service; and, if the facts in such a case may be established from memoranda of the deputy, it must be upon proof to the court." It would seem in that case that the deputy who served the process and made the return did not, as he did here, join in the effort and offer to amend it. Emphasis is laid on that fact in that case, and also in Murfree on Sheriffs, § 876, cited in the opinion. Even then it is recognized that this may be done by the sheriff "in accordance with memoranda made by" the deputy, and upon proof to the court. There is also cited in the Oregon case that of O'Conner v. Wilson, 57 Ill. 226. There the deputy had died and left no memorandum, and the sheriff was not present when the service was made. Held the sheriff could not amend such return of the deputy. The case of County of La Salle v. Milligan, 143 Ill. 321, 32 N. E. 196, is also cited in the Oregon case, supra. It is there held that after the expiration of the term of office of the officer making the return, it may be amended within any reasonable time upon proper notice, but only by the *officer who made the return.*

Not in conflict with the holdings above noted, the Virginia Supreme Court, in Shenandoah Valley R. R. Co. v. Ashby, 86 Va. 232, 9 S. E. 1003, 19 Am. St. Rep. 898, has ruled that when such a return is made by the deputy in the name of the sheriff an amendment of the return may be authorized by the court. It did not appear whether the proposed amendment would be made by the sheriff or his deputy. The service was by a deputy, and the term of office of the sheriff had expired.

It is held in numerous cases that the fact of the expiration of the term of office does not prevent the court from allowing such an amendment by the officer who made the return. Alford v. Hoag, 8 Kan. App. 141, 54 P. 1105; Louisville R. Co. v. Com., 104 Ky. 35, 46 S. W. 207; Smoot v. Judd, 184 Mo. 508, 83 S. W. 481; Magrew v. Foster, 54 Mo. 259; Feurt v. Caster, 174 Mo. 289, 73 S. W. 576.

■ It appears that both the sheriff and his deputy who made the return in the instant case united in the motion to amend. The order of the court was that M. Tatum (the ex-sheriff) be permitted to amend. It is immaterial that it did not authorize the deputy

to do so, as he joined in and swore to the petition and gave evidence of the facts on which the amendment was authorized.

■ It is next insisted that the motion should not be granted on oral testimony, but only on some record evidence. On that subject appellant cites authorities that a judgment may be amended nunc pro tunc only on record or quasi record evidence. This is a well-known rule. The case of Independent Pub. Co. v. Am. Press, 102 Ala. 492, 15 So. 947, cited by appellant, is not an authority that this rule is extended to an effort to amend an officer's return. It was there held that on certiorari to the circuit court from the justice court, the want of service shown by the record in the latter court could not be cured by parol evidence in the circuit court. In Jefferson County Savings Bank v. McDermott, 99 Ala. 79, 10 So. 154, cited by appellant, there was an effort to force an amendment of a return after the death of the sheriff.

■■ Appellant has cited no case in point which prohibits the allowance of an amendment by the officer on parol evidence. On the other hand, our court in the early case of Cullum v. Batre, supra, where this contention was made, said: "But the rule has not been applied where the object of the amendment is to show that process was served." We see no reason for requiring that the court must have record evidence to allow an officer to make an amendment to his own return. The court does not amend it, but merely allows the officer to do so. It is our judgment that the court properly permitted the amendment; that the amendment cures the imperfection in the record, and supports the judgment by default; and there is no error in the record as amended.

■ There was conflict among the early decisions of this court as to whether the affirmance should be with damages and costs when the record showed error cured by a subsequent amendment. The final holding was that when there is a supersedeas, the affirmance should be with damages and costs, notwithstanding error apparent on the record when the appeal was taken. Moore v. Horn, 5 Ala. 234. Section 6153 of the Code requires that damages shall be imposed on affirmance when a judgment for money has been superseded.

As a result of the statute and our decisions, it follows that the affirmance must be with damages and costs.

The judgment is affirmed and the petition for mandamus is denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

## On Rehearing.

FOSTER, J. ■ Appellant and relator cite section 6682 of the Code as controlling on this appeal, and that it means to enact that the circuit court cannot allow an officer to amend his return of process, except as shown upon the face of the record of the existence of the facts. The necessity of record evidence as a condition to an amendment of a judgment or any part of the record is not dependent upon statute. Metcalf v. Metcalf, 19 Ala. 319, 54 Am. Dec. 188; Kidd v. Montague, 19 Ala. 619; Saltmarsh v. Bird, 19 Ala. 665; Hudson v. Hudson, 20 Ala. 364, 56 Am. Dec. 200. The above cases are selected among those occurring prior to the first adoption of the Code section mentioned. The rule is stated generally as applicable to most jurisdictions, in 34 C. J. 247, 248.

In our case of Harris v. Martin, 39 Ala. 556, it is said that, when a judgment by default is based upon an acknowledgment of service, and not a sheriff's return, the judgment must recite that proof of such acknowledgment of service was made. If the judgment does not so recite, it may be amended nunc pro tunc, so as to contain the recital, provided there is record evidence that such proof was made, or the factum of such acknowledgment may be proven at a subsequent term, although no proof was made of such acknowledgment when the judgment was rendered. This situation was referred to in Independent P. Co. v. Am. Press Ass'n, supra, pointing out that this court has permitted such proof of service after the appeal was taken. It was not proof that at the former term there was such evidence, but proof that in fact, and independent of what then occurred, service was had on an agent of the corporation, citing Harris v. Martin, supra. So that the distinction which we tried to make clear in the former opinion is fully sustained that if the effort is made to amend the judgment, so that it will show that proof was made when the judgment was entered, record evidence is necessary, but not if the effect is as an original proposition to make proof of such service, or acknowledgment of service, as the case may be. It seems never to have been thought that section 6682 was controlling on the subject. This is also supported by the case of Ware v. Brewer, 34 Ala. 114.

It is our opinion that it was not the purpose of this section to prevent the court, on parol evidence of a proper nature, from allowing an officer of his own accord to make an amendment to his return. If the motion were that the court shall itself amend the return, a different question would be presented.

Application for rehearing overruled.